SAMUEL FLETCHER *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. PARENT AND CHILD—*of the inhuman treatment of a child by a parent.* While the law gives parents a large discretion in the exercise of authority over their children, yet this authority must be exercised within the bounds of reason and humanity ; and if the parent commits wanton and needless cruelty upon his child, the law will punish him.

2. So, upon an indictment of a parent for false imprisonment of his child, a blind and helpless boy, in a cold and damp cellar, without fire, during several days in mid-winter, he giving as an excuse therefor, that the boy was covered with vermin, it was *held* that such treatment of a child by his parent was wanton, inhuman and needless cruelty, and rendered him subject to indictment and punishment.

WRIT OF ERROR to the Circuit Court of Kane county; the Hon. SYLVANUS WILCOX, Judge, presiding.

The opinion states the case.

Messrs. MAYBORNE & BROWN, for the plaintiffs in error.

Mr. WASHINGTON BUSHNELL, Attorney General, and Mr. CHARLES J. METZNER, State's Attorney, for the people.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court :

This was an indictment against Samuel Fletcher and his wife, Ledicia, for false imprisonment of Samuel Fletcher, junior, the son of Samuel, senior, and step son of Ledicia. The defendants were found guilty, and sentenced to pay a fine of $300 each.

The instructions gave the law correctly to the jury, and so far as relates to Samuel Fletcher, we are of opinion the evidence sustains the verdict. It shows the wanton imprisonment, without a pretense of reasonable cause, of a blind and helpless boy, in a cold and damp cellar without fire, during several days of mid-winter. The boy finally escaped and seems to have been taken in charge by the town authorities. The only excuse given by the father to one of the witnesses who remonstrated with him was, that the boy was covered with vermin, and for this the father annointed his body with kerosene. If the boy was in this wretched state, it must have been because he had received no care from those who should

have given it. In view of his blind and helpless condition, the case altogether is one of shocking inhumanity.

Counsel urge, that the law gives parents a large discretion in the exercise of authority over their children. This is true, but this authority must be exercised within the bounds of reason and humanity. If the parent commits wanton and needless cruelty upon his child, either by imprisonment of this character or by inhuman beating, the law will punish him. Thus, in *Johnson* v. *The State*, 2 Humphrey, 283, the court held the parents subject to indictment, because, in chastising their child, they had exceeded the bounds of reason, and inflicted a barbarous punishment. It would be monstrous to hold that under the pretense of sustaining parental authority, children must be left, without the protection of the law, at the mercy of depraved men or women, with liberty to inflict any species of barbarity short of the actual taking of life.

In this case, however, the verdict against Ledicia Fletcher was wrong. There is absolutely no evidence whatever against her. As to her, the judgment must be reversed. As to Samuel Fletcher, it is affirmed.

A similar order of partial reversal, in a criminal case was entered by this court in *Vandermark* v. *The People*, 47 Ills. 124.

*Reversed in part.*