## AUGUST WEGENER
### v.
## THE PEOPLE OF THE STATE OF ILLINOIS.

*Parent and Child—Excessive Punishment of Child—Jurisdiction—Evidence—Assault and Battery.*

1. A justice of the peace has jurisdiction of a prosecution for unlawfully assaulting, beating and striking a child under twelve years old, and thereby injuring her in health and limb, such offense being an assault and battery.

2. Though the complaint of such offense alleges its commission on a certain day, proof of its commission on other days is admissible.

3. In this case, it is held that the jury were warranted in finding the defendant guilty of inflicting unreasonable and excessive punishment on his adopted child.

[Opinion filed October 8, 1890.]

APPEAL from the Circuit Court of Randolph County; the Hon. BENJ. R. BURROUGHS, Judge, presiding.

Mr. WM. H. HARTZELL, for appellant.

Mr. RALPH E. SPRIGG, for appellee.

REEVES, J.   Appellant was arrested upon a charge of unlawfully assaulting, beating and striking one Effie Wegener, a small child under twelve years of age, thereby injuring said child in health and limb, and found guilty first before a justice of the peace, and afterward in the Circuit Court, where the case was taken by appeal, and sentenced to pay a fine of $20. Appellant insists that the offense charged is the one which is defined in Section 81 of the Criminal Code which reads as follows: " Any person who shall wilfully and unnecessarily expose to the inclemency of the weather, or shall in any other manner, injure in health and limb, any child, apprentice or other person under his legal control. shall be fined not exceeding $500, or imprisoned in the penitentiary not exceeding five

years." and that the justice of the peace had no jurisdiction to try such an offense.

We think this is clearly a misapprehension. The offense charged is an assault and battery. The alleged consequence of the battery, namely the injury to the child in health and limb, was not necessary to the statement of the offense of assault and battery. The statement of the offense was complete when it was charged that he unlawfully assaulted and beat the child.

Again it is urged that, as the complaint mentioned a specific day on which the offense was comm.tted, the evidence should have been confined to that day. This contention can not be sustained. The complaint was that on the 27th day of May, 1889, and on divers other days and times before that date, the defendant did unlawfully assault, etc. Even if the words " and divers other days and times before that date " had been omitted from the complaint, we do not understand that the people would have been confined to the specific day mentioned in proving the offense charged. Koop v. The People, 47 Ill. 327.

It is contended that the evidence was insufficient to support a verdict of guilty. The child was the adopted child of appellant. He does not deny whipping her but insists that he only punished her when it was necessary. There can be no question of the right of appellant to use reasonable force in the correction of the child, and slight excesses in such correction ought not to subject him to criminal prosecution. But the testimony in this case, if believed by the jury, was sufficient to warrant the jury in finding that he had exceeded the bounds of reasonable correction of the child. It will not do to say that the father, or one standing in *loco parentis*, is to be the sole judge of the extent to which he may go, in the punishment of the child. If this were so, brutal treatment of a child would oftentimes go unpunished. The parent, or one occupying that relation, must be restrained by law to the use of reasonable corporal punishment of the child, and whipping and beating a child by the parent clearly in excess of reasonable correction, should make the parent amenable to the

law for such unreasonable and excessive whipping and beating. A regard for parental rights should not be carried to such an extent as to subvert and override the protection of the child against violent and inhuman treatment. The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*