## Medford Fox v. The People, etc.

1. ASSAULT AND BATTERY—*School Teacher's Authority Over Pupils—Presumptions.*—The authority of a teacher over his pupil is regarded as a delegation of at least a portion of the parental authority. The presumption is in favor of the correctness of the teacher's action in inflicting corporal punishment upon the pupil. The teacher must not be actuated by malice, nor inflict punishment wantonly. For an error in judgment, although the punishment is unnecessarily excessive, if it is not of a nature to cause lasting injury, and he acts in good faith, the teacher is not liable.

2. INSTRUCTIONS—*Selecting Isolated Portions of the Evidence.*—Selecting isolated portions of the evidence and giving them undue prominence by calling attention to them, has a tendency to mislead the jury into giving undue prominence to such portion of the evidence, as that to be relied upon; and a sinking out of sight other portions important to be considered in connection, in order to estimate the true force of the evidence, is not a proper practice.

**Prosecution for an Assault and Battery.**—Trial in the County Court of Crawford County; the Hon. AUSBY L. LOWE, Judge, presiding. Verdict and judgment of guilty; error by defendant. Heard in this court at the February term, 1899. Reversed and remanded. Opinion filed September 5, 1899.

BRADBURY & MACHATTON, attorneys for plaintiff in error.

HAMPTON S. BOGARD, State's attorney, for defendant in error; VALMORE PARKER, of counsel.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a prosecution against plaintiff in error for assault and battery, commenced before a justice of the peace, and taken by appeal from judgment of the justice to the County Court of Crawford County, where trial was had by jury, resulting in a verdict of guilty and judgment on the verdict.

The amended complaint, upon which plaintiff in error was finally tried, charges him with unlawfully beating Palmer Seaney.

Plaintiff in error was a school teacher, and during the winter of 1897-8 taught the McKibben school in Mont-

gomery township, Crawford county, Illinois. Palmer Seaney was a boy about nine years old, a pupil in attendance at said school. On the 19th day of November, 1897, during school hours, plaintiff in error punished Palmer Seaney by whipping him with a switch about the size of an ordinary lead pencil and about twenty inches long. The punishment was inflicted for alleged misconduct of Palmer Seaney during the noon hour on the previous day.

"The authority of a teacher over his pupil being regarded as a delegation of at least a portion of the parental authority, the presumption is in favor of the correctness of the teacher's action in inflicting corporal punishment upon the pupil. The teacher must not have been actuated by malice, nor have inflicted the punishment wantonly. For an error in judgment, although the punishment is unnecessarily excessive, if it is not of a nature to cause lasting injury, and he acts in good faith, the teacher is not liable." American and English Encyclopædia of Law, Vol. 21, page 769.

The court gave, on behalf of the prosecution, ten separate instructions on the law as to one question, all of which are subject to just criticism. The ninth and tenth of them are as follows:

"The court instructs the jury that unreasonable and excessive use of force on the person of another being proved, the wrongful intent is a necessary and legitimate conclusion in all cases, when the act was designedly committed, and it then becomes an assault, because purposely inflicted without justification or excuse. And if you believe from the evidence, beyond a reasonable doubt, that the defendant has made use of excessive and unreasonable force in inflicting punishment on Palmer Seaney, then the jury should find the defendant guilty."

"The court instructs the jury that if a teacher, in inflicting punishment upon his pupil, goes beyond reasonable castigation, and, either in mode or degree of correction, is guilty of any unreasonable and disproportionate violence or force, he is clearly liable for such excess in a criminal prosecution for assault and battery."

These instructions need but to be read in connection with the above quotation, which we hold states the law applicable in such cases, to make manifest the prejudicial error they contain.

The court also gave, on behalf of the prosecution, the two following instructions:

"The court instructs the jury that if you believe from the evidence, beyond a reasonable doubt, that the defendant administered punishment to Palmer Seaney which left bruises on his person for several weeks thereafter, that it is a circumstance which the jury may consider in determining whether said punishment was unreasonable and excessive."

"The court instructs the jury that if you believe from the evidence, beyond a reasonable doubt, that the defendant cut the blood out of the said Palmer Seaney in administering corporal punishment, while acting as teacher of said Palmer Seaney, the jury may take such circumstance into consideration in determining whether said punishment was cruel and excessive."

These instructions are flagrant violations of the rule against singling out particular portions of the evidence and thus giving them undue prominence.

In Chesney v. Meadows et al., 90 Ill. 433, it is said:

"This court has frequently condemned the practice of selecting isolated portions of the evidence and giving them undue prominence by calling the attention of the jury especially to them. * * * It has a tendency to mislead the jury into giving undue prominence to the evidence so selected, as being that to be relied on, and sinking out of sight other testimony, important to be considered in connection with it, in order to estimate its true force."

The judgment of the County Court is reversed and the cause remanded.