**The City of Macomb, a Municipal Corporation, Plaintiff-Appellee, v. Oren A. Gould, Defendant-Appellant.**

Gen. No. 68–7.

Third Judicial District.

January 9, 1969.

Harris & Harris, of Macomb, for appellant.

Flack & Dye, of Macomb, for appellee.

SCHEINEMAN, J.

The defendant was found guilty of violating a city ordinance prohibiting fighting and was assessed a fine of $10. He appeals, contending the evidence is not sufficient to prove him guilty beyond a reasonable doubt as required in our present Criminal Code of Procedure.

The occasion was at night at a high school football game. The defendant was on the teaching staff and was charged at the time with the duty of keeping the crowd away from the fence between the stands and the playing

field. He proceeded to strike a 15-year-old boy several times, which brought on this charge. He defends on the ground that he was only enforcing discipline, and that as a teacher he had the right to use corporal punishment.

■■ We have no doubt of the right of a teacher to inflict corporal punishment in the process of enforcing discipline. Fox v. People, 84 Ill App 270; Drake v. Thomas, 310 Ill App 57, 33 NE2d 899. The same cases state the limit of the right. He may not wantonly or maliciously inflict corporal punishment and may be guilty of battery if he does so. Whether he has done so may be inferred from the unreasonableness of the method adopted or the force employed under the circumstances. This presents a question of fact requiring reference to the evidence.

The complaining witness, Mike Daniels, testified that shortly before the half-time intermission a player was injured and was carried from the field on a stretcher. He was put down near the fence just below where Mike was sitting. Mike, and a number of others, went to the fence to learn something about the seriousness of the injuries. The defendant came along and ordered them back to their seats. Mike testifies the crowd started back, and as he turned to go back, the defendant took hold of him, turned him around, and started hitting him on the face, first with his fist, then continued with the flat of his hand. Another man (later identified as a campus policeman) stepped between him and defendant and stopped the striking. Mike stated he was not in any of the classes taught by the defendant but he recognized defendant and turned to obey him, and that he groaned a little as he turned but did not say anything.

The blow with the fist caused a red mark on the side of his face which he said diminished overnight to a small bruise so that he was not claiming any serious injuries. The defendant admitted some striking but denied using a

363

fist. He asserted that he thought Mike was turning to go back to the fence when he turned Mike around. He testified Mike said "Ah, Gould." Some other teachers had seen part of the striking but minimized it, and one agreed with the defendant entirely that there was no blow with a fist.

The police officer saw the striking when it was going on and stepped in to stop it, but testified he could not see whether or not any blow was with a fist.

In addition to the complaining witness, there were five other prosecution witnesses who testified, not counting the policeman. One had not seen the preliminaries but looked up in time to see the defendant strike a blow with his fist, so there were six persons who testified to at least one blow with the fist, and five of them agreed that Mike was walking away when the defendant turned him or twirled him around to begin striking him on the face.

If it is believed that Mike was obeying orders, and was walking away when the defendant turned him around, was there any justification for physical acts of any kind? Furthermore, is a teacher ever justified in striking the face of a pupil with the fist?

■ ■ Granting that a teacher may enforce discipline by punishing with a switch or a paddle, we would regard clubbing over the head as malicious and unreasonable force, but between these two extremes where is the line to be drawn between what is reasonable and what is malicious? We conclude that under the circumstances as attested by a number of witnesses, there was presented a question of fact to be resolved by the trier of fact, who would also have to consider the credibility of the various witnesses and to decide what facts were actually proved. It is not our province to override the trier of fact in these respects based on our reading of a transcript.

■ Error was also asserted because the court ordered stricken certain testimony by the Director of Athletics

364

that Mike's injuries were minor. This testimony was merely cumulative and striking it was not a reversible error. The judgment is affirmed.

Judgment affirmed.

ALLOY, P. J., concurs.

STOUDER, J.

I cannot agree with the majority opinion. Under the cases decided in Illinois and relied upon in the majority opinion the law of Illinois is quite clear. A teacher not only has the right but the duty to discipline children under his tutelage. Failure to do this is tantamount to the failure of a teacher to perform his function, that of teaching. The criteria established are that the discipline must not be actuated by malice and must not be excessively or wantonly administered. In spite of the conflicting evidence, there is no conflict in the fact that the defendant thought the child was being disobedient and rebellious and took steps to correct him. Evidence is lacking from which it may be inferred that the defendant acted maliciously or wantonly. The only question as to whether it was excessive is in how much force was used and the only evidence on this point is whether or not defendant used his fist to strike the child. A blow with a fist does not necessarily mean a more violent action than a slap with the hand. To suggest, as does the majority opinion, that there was any clubbing about the head, is to utterly ignore the record. To question, as does the majority opinion, whether a teacher is ever justified in striking the face of a pupil is only to question the method employed in performing a function admittedly within the province of the teacher.

I do not condone the methods here used. However, to say that because I would not use such methods should

impose quasi-criminal liability on the defendant would be to substitute my judgment for his in the performance of his duties. In the absence of any uniform recognition of what is and what is not acceptable discipline and on the basis of this record, I would reverse the judgment of the Circuit Court.