THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DONN DE-CARO, Defendant-Appellant.

(Nos. 58057, 58058 cons.; ▮)

First District (4th Division)—February 6, 1974.

BURMAN, J., dissenting.

Ligtenberg, De Jong & Leahy, of Chicago (John Ligtenberg, of counsel), for appellant.

554

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis, William K. Hedrick, and Jean Scott, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

On May 12, 1972, the defendant, a school teacher in a Chicago public school was found guilty of the battery of two students in violation of section 12—3(a)(1) of the Illinois Criminal Code (Ill. Rev. Stat. 1971, ch. 38, § 12—3(a)(1)) after a bench trial in the Circuit Court of Cook County. He was fined $15 and costs on each charge.

The issues for review are whether the defendant exceeded his authority to discipline students, and whether the lateness of the hour of the trial was prejudicial.

The defendant, Donn DeCaro, was a sixth-grade teacher at the Everett Elementary School in the city of Chicago on March 8, 1972. On that date he called Neal and Newton Suwe, eleven year old twin brothers, into his classroom to discuss their conduct with respect to him. Neither boy was a student in his class. The defendant testified they used obscene and defamatory language toward him and he had been informed by another student they had written obscene words about him in the snow near their home. He stated he talked to them at his desk in front of his own students, but Neal used vulgar language so he took them into the adjoining coatroom where they could not be heard by the class. The defendant placed himself in the doorway between the classroom and the coatroom in order that his own class could see him and remain orderly. When Neal lunged for the door, he picked up a 12-inch ruler from a nearby desk to frighten him. Neal collided with him and they both fell to the floor with Neal kicking and struggling. He testified he did not hit Neal with the ruler and never touched Newton.

The boys testified the defendant hit them eight to twelve times on their buttocks and back of their legs with a stick eight to twelve inches long, which was not a ruler. The boys' mother testified Neal had bruises on his backside which lasted two weeks and Newton had bruises which lasted about six days. Pictures of the bruises were admitted into evidence.

Three students testified they saw the Suwes struggle with the defendant and saw him wave a ruler, but none saw the defendant strike either of the Suwes. Both of the boys' teachers stated they observed them when they returned to their respective classes and noted no unusual behavior.

Dr. Sebornik, the district superintendent of schools in the 12th District, was called to the school on the morning of March 9, 1972, and

he examined the boys. He testified he saw black and blue marks on Neal and faint bruises on Newton. He also stated the defendant told him he had struck Neal several times with a 12-inch ruler.

The defendant argues a teacher stands in *loco parentis* to the students and has a duty to discipline them, and a teacher must be allowed broad discretion in carrying out his responsibilities.

Section 34—84a of the School Code (Ill. Rev. Stat. 1971, ch. 122, § 34—84a) provides that teachers are responsible for maintaining discipline in the schools and gives them the same control over a student that a parent has:

> "Teachers and other certificated educational employees shall maintain discipline in the schools. In all matters relating to the discipline in and conduct of the schools and the school children, they stand in the relation of parents and guardians to the pupils. This relationship shall extend to all activities connected with the school program and may be exercised at any time for the safety and supervision of the pupils in the absence of their parents or guardians.
>
> Nothing in this Section affects the power of the board to establish rules with respect to discipline."

■■ The law is clear that within the broad delegation of parental authority a teacher may inflict corporal punishment on a student if the circumstances warrant it. In a civil suit for damages for an alleged assault and battery by a teacher against a student the court stated:

> "* * * [T]he authority of a teacher over a pupil is a delegation of parental authority, and where the teacher inflicts corporal punishment on a pupil, and he is not actuated by malice and the punishment is not excessive or wanton, the teacher is not liable."
> *Drake v. Thomas* (1941), 310 Ill.App. 57, 63-64.

In the case of the *City of Macomb v. Gould* (1969), 104 Ill.App.2d 361, the court acknowledged the right of a teacher to inflict corporal punishment and held he may not be guilty of a battery unless he wantonly or maliciously inflicts the punishment.

The State does not challenge the teacher's right to inflict corporal punishment but maintains a teacher may only use reasonable force to discipline students who are properly under his authority and such authority does not extend to children outside a teacher's class. The State argues the defendant was neither teaching nor supervising Neal and Newton Suwe at the time of the incident and, therefore, had no right to discipline them. The State also argues the defendant used excessive force and acted maliciously.

■■ In the case at bar the defendant was faced with a situation where

two students were directing vulgarities and defamatory statements at him both outside the school with the apparent knowledge of other students and in the classroom with other students present. We agree with the statements of the Supreme Court of Indiana in the case of *Indiana State Personnel Board v. Jackson* (1963), 244 Ind. 321, 192 N.E.2d. 740, in which a teacher had applied a belt to a pupil' who had used abusive language and committed several acts of defiance and disobedience:

> "As long as teachers or parents are obligated under the law to educate, teach and train children, they may not be denied the necessary means of carrying out their responsibility as such teachers or parents."

The defendant could not have ignored the actions and attitudes of the Suwe brothers without forfeiting the respect of all of the students in the school and creating a climate which would be detrimental to the educational process.

Although we do not condone the application of physical force which is calculated to result in bruises, we do not believe the defendant's actions were malicious. The punishment was of a traditional nature applied to the traditional place and did not constitute a malicious or wanton disregard for the physical welfare of the boys even though it unfortunately may have resulted in bruises. Even if the punishment is seen as excessive, it was not of a nature for which criminal penalties may be imposed. In the case of *Fox v. People* (1899), 84 Ill.App. 270, relied upon in both the *Drake* and *Gould* cases referred to above, the defendant-teacher was charged with assault and battery and the court cited with approval a section of the American and English Encyclopedia of Law:

> " 'For an error in judgment, although the punishment is unecessarily excessive, if it is not of a nature to cause lasting injury, and he acts in good faith, the teacher is not liable!"

■■ We hold the defendant was acting within his authority and did not act in a malicious or wanton manner. Because of this holding, we need not discuss the second issue raised by the defendant.

For the above reasons the judgment of the Circuit Court of Cook County is reversed.

Reversed.

ADESKO, P. J., concurs.

Mr. JUSTICE BURMAN dissenting:

I would affirm the convictions. The trial court had an opportunity to judge the credibility of the several witnesses and to evaluate and weigh

the evidence, some of which is conflicting. After doing so, it specifically found that the defendant had exceeded his authority in disciplining the two boys. This finding is sustained by the record and should not be disturbed by this court.

The record reveals that neither of the Suwe boys was assigned to the defendant, and neither attended any of his classes. On the day of the incident the defendant sent a message to the classroom of each boy requesting that the boy be sent to him. He testified that he did this because the boys had called him profane names in the hallway and had written disparaging remarks about him in the snow near their home. It was undisputed that this conduct had occured at an earlier date and posed no immediate threat to the safety of the defendant's students or the maintenance of order in his classroom.

There was opposing testimony as to what took place after the defendant confronted the two boys. The defendant testified that he spoke to them in front of his class and told them that he was going to write a letter to their mother. Neal Suwe talked back to him and used vulgarity, so he asked both boys to go into the cloakroom. In the cloakroom he attempted to continue their talk, but Neal lunged for the doorway, and the defendant waved a ruler to frighten him. They collided and fell to the floor, after which the defendant took Neal by the arms and shook him. He never hit Neal with the ruler and did not touch Newton at all.

The boys testified that the defendant took Newton into the cloakroom and beat him ten or twelve times with the ruler. Following this, he took Neal to the back of the classroom and hit him on the buttocks and legs. He told them that they would "get it worse" next time if they said anything about the beatings.

Mrs. Suwe testified that she examined the boys in the evening and saw that both had bruises on their buttocks and the backs of their legs. She had observed the boys the evening before and had seen no bruises. She and her husband photographed the boys to establish the extent of their injuries. These photographs were admitted into evidence and show the bruises and black and blue marks clearly.

Mrs. Suwe also testified that she went to school the next morning and complained to the principal. He called in Dr. Sebornik, the District Superintendent, who examined the boys. Dr. Sebornik testified that he saw black and blue marks on the buttocks and thigh of Neal and faint bruises on the buttocks of Newton. He also stated that the defendant told him that he had struck Neal several times with a ruler.

I concur in the statement of the majority that a teacher occupies the position of a parent with respect to his students and is privileged to

discipline them by inflicting corporal punishment when circumstances warrant it. Obviously such a rule is required if order is to be maintained in classrooms and schools are to fulfill their duty to educate. However, even a parent is liable for excessively punishing his child (*Wegener v. People* (1890), 36 Ill.App. 164), and the same decisions that establish the principle that a teacher stands in *loco parentis* recognize that the resulting authority to effect discipline does not extend to punishment that involves excessive or unwarranted force or that is motivated by malice. See *City of Macomb v. Gould* (1969), 104 Ill.App.2d 361, 244 N.E.2d 634.

In my opinion, the foregoing is sufficient to support the conclusion that the defendant had no authority to discipline the boys, or, in any event, that he maliciously used a degree of force not warranted by the situation. The case clearly presented a question of fact to be resolved by the trial court, which considered the credibility of the witnesses and determined the facts that were actually proved. It is not the province of this court to override the trier of fact in these matters based upon our reading of the transcript, and we should, therefore, affirm the convictions.