(No. 46384.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. JOHN BALL, Appellee.

*Opinion filed September 17, 1974.*

Robert H. Rice, State's Attorney, of Belleville, for the People.

Michael B. Constance, of Brady, Donovan & Hatch, of Belleville, for appellee.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

John Ball, a school teacher, was found guilty in a bench trial of battery involving one of his students in violation of section 12—3 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 12—3) and was fined $100 and costs. On appeal, the Appellate Court, Fifth District, reversed and remanded for further proceedings (15 Ill. App. 3d 143), and we have allowed leave to appeal.

The facts are not in dispute. The prosecuting witness, age 11, was a student in defendant's sixth-grade class at the Henry Robb School in Belleville. On the day of the incident in question, the sixth-grade class was on the playground practicing unison exercises for the school's

annual "Field Day" performance. During the practice session, the boy disrupted the class by doing the calisthenics in a direction opposite that of the rest of the class. Defendant sent him to a nearby bench and told him to remain there until he was given permission to get up. Contrary to defendant's instructions, the boy left the bench to talk to a friend of his who was walking by. Defendant determined that disciplinary action was in order, and he took the boy into the school building where he asked another teacher to step outside her classroom into the hallway to be an observer to the punishment about to be rendered. After instructing the boy to bend over with his hands on his knees, defendant struck him on the buttocks 10 times with a wooden paddle approximately 3 inches wide, 20 inches long and ¼ inch thick. It is undisputed that the student had been disciplined on several prior occasions for misconduct, and that defendant had previously paddled him but, apparently, to a lesser degree. Nor is it disputed that while administering the punishment, defendant was calm, rational and not angry. Defendant thereafter took the boy into his vacant classroom where he told him that he had been disciplined for his own best interests.

When school was dismissed a short time later, the boy went directly home and told his parents about the paddling he had received. His father took him to the police station where the incident was reported. Thereafter they went to the home of their family doctor, who, not having medical supplies at home, sent the boy to a hospital emergency room for further treatment. The examining doctor at the hospital testified that it was one of the most severe paddling cases he had ever observed. The injured area, which was hot to touch, was treated like a burn with medicated ointments and bandages. After several weeks the area healed without complications. The family physician testified that he ordered tranquilizers for the boy, who was emotionally distraught from the paddling. His mother

also stated that the boy was very upset immediately after the incident and continued to become so whenever he saw the defendant. As a consequence of this incident the boy was transferred to a sixth-grade class in another school.

The offense of battery is defined in section 12–3 of the Criminal Code in the following language: "A person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." (Ill. Rev. Stat. 1971, ch. 38, par. 12–3(a).) The primary question before the trial court was whether the corporal punishment administered by defendant was "without legal justification" within the meaning of the foregoing statutory provision. In finding the defendant guilty, the trial judge stated that while a teacher may administer "just and reasonable punishment—corporal punishment included"— in maintaining discipline in his classroom, the defendant in this case inflicted corporal punishment more severe than the boy's parents would have had a right to administer—it was more than just a spanking, it was in fact a beating. The court further indicated that it did not intend to take the right of discipline away from a teacher who stands *in loco parentis* but rather to insure that such discipline is "just and reasonable." In reversing the decision of the trial court, the appellate court held that the trial court erred in applying a test of "reasonableness" to the discipline administered by the defendant. Relying on previous appellate court decisions which will be referred to hereafter, the appellate court was of the opinion that the proper question should have been "whether the teacher was actuated by malice, or inflicted the punishment wantonly." The cause was remanded to the trial court for reconsideration of the evidence and a determination of guilt under that criteria.

The reported decisions in this State indicate that different standards have sometimes been applied for

parents on the one hand and teachers on the other. This court recognized in *Fletcher v. People* (1869), 52 Ill. 395, 397, that a parent's disciplinary authority over his children "must be exercised within the bounds of reason and humanity." Subsequent appellate court decisions have reiterated the view that parental rights of discipline are limited by a standard of reasonableness. (*Wegener v. People* (1890), 36 Ill. App. 164, 165—"reasonable corporal punishment"; *People v. Machroli* (1968), 100 Ill. App. 2d 227, 232—"reasonable force"; *People v. Parris* (1971), 130 Ill. App. 2d 933, 937—"reasonable discipline".) The reasonableness standard was departed from in *Fox v. People* (1899), 84 Ill. App. 270, where a conviction of a teacher for assault and battery on a nine-year-old student was set aside. The court there relied upon the following language appearing in 21 American and English Encyclopedia of Law 769: "The authority of a teacher over his pupil being regarded as a delegation of at least a portion of the parental authority, the presumption is in favor of the correctness of the teacher's action in inflicting corporal punishment upon the pupil. The teacher must not have been activated by malice, nor have inflicted the punishment wantonly. For an error in judgment, although the punishment is unnecessarily excessive, if it is not of a nature to cause lasting injury and he acts in good faith, the teacher is not liable." The foregoing rationale has been followed in subsequent appellate court decisions concerned with the extent of a teacher's right to discipline his pupils (*Drake v. Thomas* (1941), 310 Ill. App. 57; *City of Macomb v. Gould* (1969), 104 Ill. App. 2d 361), and of course constitutes the underlying basis for the decision of the appellate court in the case at bar.

It is apparent that the standards for measuring the conduct of parents are more strict than those applicable to teachers with the result that teachers would seem to have greater latitude in disciplining a child than the child's own parents have. In our opinion this constitutes an anomaly

for which there is no sound basis. We fully recognize the desirability and indeed the absolute necessity that teachers be able to maintain discipline in the schools, including reasonable use of corporal punishment. The legislature has recognized the right and duty of teachers in this regard in the following language: "Teachers and other certified educational employees shall maintain discipline in the schools. In all matters relating to the discipline in and conduct of the schools and the school children, *they stand in the relation of parents and guardians to the pupils.* This relationship shall extend to all activities connected with the school program and may be exercised at any time for the safety and supervision of the pupils in the absence of their parents or guardians." (Emphasis added.) (Ill. Rev. Stat. 1971, ch. 122, par. 24—24.) It is clear, however, that there is nothing in the foregoing statutory provision which suggests that teachers should have any greater rights or be entitled to any greater protections than parents. To the contrary, since teachers by statute stand *in loco parentis* in matters of discipline of students within their charge in the schools, we think it follows that teachers should be subject to the same standard of reasonableness which has long been applicable to parents in disciplining their children. We note, too, that the substantial majority of other jurisdictions apply the reasonableness test. (Annot., 89 A.L.R.2d 396 (1963).) Accordingly, we are of the opinion that the trial court properly applied a reasonableness standard in determining that the corporal punishment administered by defendant was "without legal justification" within the meaning of section 12—3 of the Criminal Code. It is not argued that the evidence, under a "reasonableness" standard, is insufficient to establish defendant's guilt beyond a reasonable doubt.

The judgment of the appellate court is reversed, and the judgment of the trial court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*