THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LYNN STOEHR, Defendant-Appellant.

Second District Nos. 79-122, 79-123, 79-124, 79-125 cons.

Opinion filed April 8, 1980.

Mary Robinson and David Morris, both of State Appellate Defender's Office, of Elgin, for appellant.

William E. Sisler, State's Attorney, of Freeport (Phyllis J. Perko and William L. Browers, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant was charged with two counts of contributing to the sexual delinquency of a child and two counts of public indecency. (Ill. Rev. Stat. 1977, ch. 38, pars. 11—5(a)(4) and 11—9(a)(3).) Defendant pleaded not guilty and waived his right to trial by jury. The defendant was found guilty on all counts and sentenced to the Illinois Department of Corrections for four concurrent terms of 11 months each, and this appeal followed.

Defendant appeals on the basis that he was improperly convicted of both the offenses of contributing to the sexual delinquency of a minor and public indecency since he performed only one lewd act in the presence of a child on two separate occasions. Defendant further urges on appeal that if his two public indecency convictions are vacated the cause should be remanded for resentencing on the two remaining convictions for contributing to the sexual delinquency of a child.

A two-part bench trial was conducted during the first part of which it was disclosed that on December 6, 1978, two 11-year-old girls were delivering papers along Linden Street in Freeport when they observed a person standing naked in front of the second story window of a rooming house at 321 North Linden Street. Both 11-year-olds were ruled to be competent witnesses. The man, whom both girls identified at trial as the defendant, 30-year-old Lynn Stoehr, was described by the first girl as "playing with himself." In explanation, she said: "He had his hand down there and was moving up and down inside his leg. Mainly up and down." The second girl described the man as "playing with his penis." Both girls testified their attention had been drawn to the window by a knocking sound. After observing the defendant for a short time, the girls delivered the paper to the defendant's house and went across the street from which distance the girls heard another knocking sound and once again observed the man still standing naked in front of the window "playing with his penis again." The girls then went to a girl friend's house to call the police. The next day they went to the police station and the first girl identified a picture of the defendant as the man who was standing in front

of the window. Cross-examination of the two girls dealt primarily with the description of the exact location of the window in which the defendant was seen standing and its positioning in relation to where the girls were standing outside.

John Thomas, the husband of the owner of the boarding house, testified the window described by the girls was one of the windows of the room rented to defendant. Freeport police officer James Harris testified he arrested defendant on December 7, 1978 (defendant later testified it was the 8th), and that defendant said he was 30 years old. Defendant denied knocking on the window or otherwise making any noise on December 6, 1978, at approximately 4:15 p.m., denied seeing either of the girls on that date and denied exposing or fondling himself in front of a window on that date. He testified that date was a work day for him at the college. He stated he gets off at 4 p.m. and that it takes about a half hour to drive to his home from there. Defendant said he did not recall making any statements to the police after his arrest on December 8. Officer Harris was called in rebuttal and testified the defendant said the girls looked into the window on their own and that he could not understand why he was being arrested for something like this when women were permitted to show themselves but men couldn't. He said there was nothing wrong with him; that it was the entire world that was wrong. The defendant did not sign any statement to that effect, but Officer Harris subsequently reduced defendant's remarks to writing.

During the second part of the bench trial concerning events occurring on December 7, 1978, the two girls were again ruled to be competent witnesses. The first girl said they were delivering papers on December 7 when they again observed the defendant standing naked in front of a second story window. She said he had his hand on his sexual organs, and he was moving back and forth behind the window curtain. She said she could not tell if there had been a knock on the window because a truck went by. The second girl said they heard a knock but could not tell where it was coming from because a truck went by just then. The second girl's mother stated she and her husband were parked in their car at VanBuren and Linden Streets in order to follow up on what the two girls had told them concerning the incident on the day before. They observed a man standing naked in front of a second story window playing with his private parts. She was able to see the man's face and she identified the defendant in court as the man. After observing defendant, she and her husband picked up the two girls, who had run into a beauty shop. The girls got down in the back seat, and they drove up Linden to the corner at Galena where they observed the same man still playing with himself. The man pulled the shade down as they turned the corner. The second girl's stepfather testified to essentially the same events as his wife,

stating the naked man was knocking on the window and showing his privates to the girls. He also identified the defendant as the man in the window. The State rested, the defendant moved for a dismissal of the charge, and the motion was denied. Defendant then testified he had left his home on December 7 at 4 p.m. to get something to eat. He denied exposing himself, knocking on the window or pulling the shade down on that date.

Defendant and the State both cite *People v. King* (1977), 66 Ill. 2d 551, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273, in support of their respective positions. Defendant cites *King* for the proposition that prejudice results when more than one offense is carved from the same physical act and that additional offenses arise from a transaction only when it is comprised of a series of acts. Defendant contends that under the facts of this case the public indecency statute was "subsumed" with the contributing statute. The State contends that the defendant has erroneously characterized his actions on December 6 and 7 as only two separate acts, rather than four as charged.

In upholding the defendant's multiple convictions and concurrent sentences for both rape and burglary with intent to commit rape, the supreme court in *King* rejected the "independent motivation" test of *People v. Stewart* (1970), 45 Ill. 2d 310, insofar as it had applied to concurrent sentences for multiple convictions arising out of a series of incidental or related acts. (*King*, 66 Ill. 2d 551, 566.) The *Stewart* test remains in effect in cases where a defendant's multiple acts are motivated either independently or by a single criminal objective and consecutive sentences are sought to be imposed. Consecutive sentences would not be allowed where the defendant's acts were not independently motivated, but were all part of a single continuous transaction. The case at bar, however, concerns the imposition of concurrent sentences and clearly falls within the mandate of *King* wherein it is held that:

> "Multiple convictions and concurrent sentences should be permitted in all other cases where a defendant has committed several acts, despite the interrelationship of those acts. 'Act,' when used in this sense, is intended to mean any overt or outward manifestation which will support a different offense. We hold, therefore, that when more than one offense arises from a series of incidental or closely related acts and the offenses are not, by definition, lesser included offenses, convictions with concurrent sentences can be entered." 66 Ill. 2d 551, 566.

■■ Applying the *King* test to the case at bar, we note that the offense of public indecency is not, by definition, a lesser included offense of contributing to the sexual delinquency of a minor. As set forth in *People v.*

*Thompson* (1977), 55 Ill. App. 3d 795, 797 (quoting *People v. Delk* (1976), 36 Ill. App. 3d 1027, 1041):

" 'For an offense to be a lesser offense, and included within another, greater offense, it is necessary that the greater offense include every element of the lesser offense plus one or more other elements. [Citations.] To say this another way, a lesser included offense, sometimes referred to as a "necessarily included offense," is one composed of some, but not all of the elements of the greater offense, and which does not have any element not included in the greater offense [citation], so that it is impossible to commit the greater offense without necessarily committing the lesser offense. [Citations.]' "

In the case at bar, both offenses are Class A misdemeanors and each offense requires proof of different elements. The offense of public indecency could never occur in private, whereas contributing to the sexual delinquency of a minor might occur in either public or private. In order to be found guilty of contributing, a specific victim within a certain age range is necessary, whereas public indecency is an offense against the public at large. A mere lewd exposure of one's person is sufficient under the public indecency statute, whereas the contributing statute contemplates a lewd act such as the masturbatory motions of the defendant in the case at bar.

We find the cases cited by the defendant in support of his contention to be inapplicable to the case at bar. The cases of *People v. Pardue* 1 (1972), 6 Ill. App. 3d 430, and *People v. Jones* (1979), 70 Ill. App. 3d 338, both involved lesser included offenses (rape, indecent liberties and contributing to the sexual delinquency of a child in *Pardue* and rape and indecent liberties in *Jones*) which the court determined had to be reversed where the same facts formed the basis for all the charges, including the greater offense of rape. In *People v. Cox* (1972), 53 Ill. 2d 101, the defendant was charged with two counts of indecent liberties, one count for an act of intercourse (Ill. Rev. Stat. 1965, ch. 38, par. 11—4(a)(1)) and the other for an act of deviate sexual conduct (Ill. Rev. Stat. 1965, ch. 38, par. 11—4(a)(2)). The court vacated the second count since it held only one conviction may stand where two counts are based upon a single transaction involving a single victim, charging two almost simultaneous acts, each of which acts are enumerated in subsections of the same section of the Criminal Code. (But *cf. People v. Schultz* (1979), 73 Ill. App. 3d 379.) We note that defendant in the case at bar is charged with two counts each of two separate offenses occurring on two different days, which offenses are proscribed by two separate sections, not subsections, of the Criminal Code. Thus, *Cox* is inapposite.

■■ We conclude defendant Stoehr was properly convicted and concurrently sentenced for all four counts. See also *People v. Vriner* (1978), 74 Ill. 2d 329, and *People v. Moore* (1978), 61 Ill. App. 3d 694.

In view of the foregoing, we decline to consider at this time whether we would have been compelled to remand the cause for resentencing had we decided to vacate two of the defendant's four convictions.

The judgment of the circuit court of Stephenson County is affirmed.

Judgment affirmed.

SEIDENFELD, P. J., and NASH, J., concur.