THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DOROTHY JO HERR, Defendant-Appellant.

Second District    No. 79-495

Opinion filed August 22, 1980.

Mary Robinson and Paul Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Marshall Stevens, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant was convicted of aggravated battery (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(a)) and cruelty to children (Ill. Rev. Stat. 1979, ch. 23, par. 2368). She was sentenced to the Department of Corrections for concurrent terms of two years for aggravated battery and one year for cruelty to children. The defendant raises two issues on appeal: whether the State failed to prove beyond a reasonable doubt that she intentionally or knowingly committed aggravated battery, and whether her conviction for cruelty to children must be vacated because it is a lesser included offense of aggravated battery.

On January 28, 1979, defendant's two-year-old son, Thomas Herr, was taken to a hospital in Rockford, Illinois, suffering from second degree burns on his buttocks and linear bruises on his lower extremities. The examining physician testified that 11 percent of the body was covered with second degree burns and that the injury was probably caused by contact with a hot liquid. The child was hospitalized for three weeks.

The only evidence of the circumstances surrounding these injuries was provided by the defendant's pretrial statement and in-court testimony. Defendant indicated in a written statement that on January 27, she spanked her son with a "king-switch" to "try and teach him not to go potty in his clothes." She stated that Thomas continued to wet his pants several times that day and that she then took the following action:

"So I picked Thomas up with his wet clothes on, which was a shirt, long pants and socks and set him in the snow. I set Thomas in the snow for about five minutes and he was crying. I then brought him into the house. When I took Thomas's wet clothes off, I saw that his but [sic] was red from the snow. Before I set Thomas in the snow I got a pan and put cold and hot water in the pan and set the pan in the front room. I then put my hand into the water and the water felt warm to me. I then took all the wet clothes off of Thomas and set him in the water. He then began to cry and kick so I kept telling him no to potty in your clothes. The water in the pan only cover [sic] Thomas's but [sic] and leg to his knee. When I first put Thomas into the water I saw steam coming from the water. I left Thomas in the water for about 15 minutes, because I was trying to teach him to not to potty on himself.

Then after I took him out of the water, I put him on some dry clothes and put him to bed."

Defendant testified at trial that the water was only "lukewarm" and that she did not intend to hurt Thomas or even punish him, but only to give him a bath.

After hearing arguments of counsel, the trial judge rendered his verdict stating as follows:

"In any trial, much depends upon the judging of the witnesses' credibility. I have read the statement given by Mrs. Herr. The statement is quite inconsistent with her testimony on the stand and I find that her testimony on the stand is not particularly credible.

We have charged here Aggravated Battery and, first, I think the statute says that a person commits a battery on another when he or she knowingly or intentionally, without legal justification causes bodily harm. There isn't any question in my mind that Mrs. Herr knowingly, intentionally placed this child in a tub of—or bowl of hot water.

Now, I'm sure she didn't say to herself, I'm going to give this kid second degree burns if it's the last thing I do. I think she should have realized the natural and probable consequences of her act, that this child would be burned, bodily harm.

And to get to Aggravated Battery, there has to be great bodily harm. The pictures I saw of the burns on the child's buttock, the fact the child spent three weeks in the hospital, indicate to me that there was great bodily harm.

I think there isn't any question under the circumstances that she's guilty of Aggravated Battery and, of course, Cruelty to Children. I think she did injure this child's health and it was all unnecessary. It was all willful, not with great anger maybe, but certainly was willful. She didn't say I put it in hot water but I didn't intend to. I think the natural consequences of her act must follow. Therefore, I think she's guilty of the charge of Cruelty to Children to a child; namely, Thomas Herr."

Defendant first contends that her convictions for aggravated battery and cruelty to children must be reversed because the trial judge failed to apply the correct state of mind standard. We agree the judge's statement reflects an incorrect standard, but we believe the evidence is sufficient to prove beyond a reasonable doubt that defendant acted with the requisite mental state and therefore affirm the conviction for aggravated battery. For other reasons discussed below, the conviction and sentence for cruelty to children must be vacated.

■■ To be convicted of aggravated battery, the evidence must show beyond a reasonable doubt that the defendant "intentionally or knowingly causes great bodily harm." (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(a).) When an offense is defined in terms of a particular result, a person is said to act knowingly when he is "consciously aware" that his conduct is "practically certain" to cause the result. (Ill. Rev. Stat. 1979, ch. 38, par 4—5(b).) In this case, however, the trial judge stated as follows:

"Now, I'm sure [defendant] didn't say to herself, I'm going to give this kid second degree burns if it's the last thing I do. I think she

should have realized the natural and probable consequences of her act, that this child would be burned, bodily harm."

The judge, in effect, held that defendant was not aware that second degree burns were "practically certain" to occur as the result of placing Thomas in the hot water, but that she should have realized or been aware that injury was the natural and probable consequence of her act. Awareness is the primary distinction between the mental states of knowledge and negligence. (Ill. Ann. Stat., ch. 38, par. 4—3, Committee Comments, at 256-57, 260 (Smith-Hurd 1972).) Knowledge and intent involve an awareness of the harm which will result from the person's act, while negligence involves the failure to be aware of such results in a situation in which the person has a legal duty of awareness. Ill. Ann. Stat., ch. 38, par. 4—3, Committee Comments, at 260 (Smith-Hurd 1972).

Even though the trial judge articulated a lesser standard, the evidence is sufficient to establish beyond a reasonable doubt that defendant knowingly caused great bodily harm. It is quite clear from the pretrial statement that defendant placed her son in water hot enough to have steam coming from it in order to punish him for wetting his pants. Defendant kept her son in the water for 15 minutes, even though he began to cry and kick. It is not unreasonable to infer from these facts that defendant specifically intended to inflict pain upon her son by placing him in hot water, nor is it unreasonable to infer that she was consciously aware that serious injury was practically certain to be caused by her conduct.

This same evidence was sufficient to establish beyond a reasonable doubt that defendant "willfully" injured her son and was guilty of cruelty to children under section 53 of "An Act to revise the law in relation to criminal jurisprudence" (Ill. Rev. Stat. 1979, ch. 23, par. 2368.) Section 4—5 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 4—5) specifically states that conduct performed knowingly is performed willfully within the meaning of the statute using the latter term. (Ill. Rev. Stat. 1979, ch. 38, par. 4—5.) Although defendant's in-court testimony was inconsistent in important respects with some of her pretrial statements, the trial judge specifically found the version of events in the pretrial statement to be more credible than her testimony at trial.

Defendant next argues that her conviction for cruelty to children, a Class 4 felony, should be vacated because it was a lesser included offense of, and arose from the same physical act as the aggravated battery, a Class 3 felony. The State argues the conviction should be affirmed, citing *People v. Stoehr* (1980), 82 Ill. App. 3d 827, and additionally arguing that even if the defendant's act of scalding the child would not support the charge of cruelty to children, the defendant's act of exposing the child to inclement weather by placing him in the snow would. We do not find that the

defendant's statement with regard to placing the boy in the snow was sufficient to support the charge of cruelty to children since it was unsupported by any other corroborating evidence. (*People v. Holmes* (1977), 67 Ill. 2d 236.) In contrast, defendant's act of placing the child in the steaming water was corroborated by the examining physician's testimony at trial that the burn was consistent with contact with a hot liquid. Although the act of placing the boy in the steaming water would have been sufficient by itself to convict on the cruelty to children charge, the defendant's conviction for this offense must be vacated since only the conviction for the greater offense of aggravated battery may stand. Despite several Illinois cases which hold that cruelty to children is a lesser included offense of aggravated battery (*People v. Armstrong* (1979), 77 Ill. App. 3d 916; *People v. Koch* (1978), 64 Ill. App. 3d 537; *People v. Holmes* (1973), 13 Ill. App. 3d 955), the rationale of those holdings is not expressed, and we do not vacate the conviction on those precedents. Though the rationale of *Stoehr* (cited above) is helpful here, that case is factually distinguishable. *Stoehr* involved two incidental and closely related acts: a lewd public exposure and the performance of a masturbatory act after the defendant affirmatively attracted the attention of two young girls. We held there that the defendant's convictions and concurrent sentences for public indecency and contributing to the sexual delinquency of a minor were not barred by *People v. King* (1977), 66 Ill. 2d 551, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273. *King* held that:

> "Prejudice results to the defendant only in those instances where more than one offense is carved from the same physical act. Prejudice, with regard to multiple acts, exists only when the defendant is convicted of more than one offense, some of which are, by definition, lesser included offenses. Multiple convictions and concurrent sentences should be permitted in all other cases where a defendant has committed several acts, despite the interrelationship of those acts. 'Act,' when used in this sense, is intended to mean any overt or outward manifestation which will support a different offense. We hold, therefore, that when more than one offense arises from a series of incidental or closely related acts and the offenses are not, by definition, lesser included offenses, convictions with concurrent sentences can be entered." 66 Ill. 2d 551, 566.

*Stoehr* set forth the definition of a lesser included offense as follows:

> " 'For an offense to be a lesser offense, and included within another, greater offense, it is necessary that the greater offense include every element of the lesser offense plus one or more other elements. [Citations.] To say this another way, a lesser included offense, sometimes referred to as a "necessarily included offense," is

one composed of some, but not all of the elements of the greater offense, and which does not have any element not included in the greater offense [citation], so that it is impossible to commit the greater offense without necessarily committing the lesser offense. [Citations.]' " 82 Ill. App. 3d 827, 831.

■■■ If we were to accept the premise that cruelty to children is a lesser included offense of aggravated battery as argued by the defendant and set forth in *Armstrong, Koch* and *Holmes* (all cited above), we would, in effect, be saying that everyone who commits aggravated battery is also guilty of cruelty to children. Obviously this is not true, and we do not find that cruelty to children is a lesser included offense of aggravated battery. We do find the language of *King* is dispositive in this instance since the defendant was prejudiced when two different offenses were carved from her single act of placing the child in the steaming water. Accordingly, we vacate the defendant's conviction and sentence for cruelty to children.

Affirmed in part; vacated in part.

SEIDENFELD, P. J., and VAN DEUSEN, J., concur.