THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RITA C. HEFLEY, Defendant-Appellant.

Fifth District   No. 81—132

Opinion filed August 12, 1982.

Michael B. White, of Hillsboro, for appellant.

Kelly Long, Special Prosecutor, of Hillsboro (Martin N. Ashley and Frank J. Bieszczat, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE KASSERMAN delivered the opinion of the court:

The defendant was found guilty by a jury in Montgomery County of cruelty to children and aggravated battery stemming from several incidents occurring between June 1, 1980 and June 13, 1980. The defendant was sentenced to imprisonment for a term of two years for the aggravated battery conviction and one year for the cruelty to children conviction, the sentences to run concurrently. From the convictions and sentences, defendant appeals.

The extensive testimony taken at trial reveals that defendant was living with a man named Jowell Miller, Sr. In March of 1980, Jowell Lynn Miller, Jr., age 5, came from Ohio to live with Mr. Miller, Sr., and the defendant and her three children. On or about June 1, 1980, Joe Jr. accidently cut his foot on a lawnmower at defendant's father's house. In attempting to treat the boy's injury the defendant forced his feet into steaming water, causing second and third degree burns from the ankle down.

Acting on a complaint from a neighbor on June 13, 1980, Mrs. Deborah Donham of the Department of Children and Family Services and Officer James Bailey of the Raymond, Illinois, police force came to the defendant's residence. Mrs. Donham and Officer Bailey observed the condition of the child and took him to St. Frances Hospital in Litchfield, Illinois, and later transferred him to Memorial Medical

Center in Springfield.

Officer Bailey testified that he observed bruises about the face and head of Joe Jr. and that the boy's feet were bloody and covered with a white chalky substance.

Expert testimony revealed that Joe Jr. had sustained second and third degree burns from his ankle down and bruises on his neck, back, and face. The burns were described as the immersion type rather than splash burns, requiring a skin graft operation on Joe Jr.'s right foot.

On appeal, defendant first contends that photographs of Joe Jr.'s injuries were improperly admitted into evidence. She claims that they were of little or no probative value in the trial and served only to inflame and prejudice the jury. We cannot agree.

It is well settled in Illinois that the admission into evidence of photographs of a crime victim is within the sound discretion of the trial court and, when the photographs are relevant to establish some material fact, they are admissible despite their gruesome nature. (*People v. Garlick* (1977), 46 Ill. App. 3d 216, 224, 360 N.E.2d 1121, 1127.) Further, the admission of such photographs is not unnecessarily cumulative simply because there is also oral testimony describing the injuries. *People v. West* (1977), 54 Ill. App. 3d 903, 909, 370 N.E.2d 265, 270.

Here the photographs were examined in chambers and the examination was made part of the record. The trial court was cautious in guarding against any prejudice when admitting some photographs and excluding others. Those photographs admitted were done so to assist the jury in understanding the medical testimony of the victim's injuries.

Furthermore, it must be pointed out that defendant here has failed to provide the photographs of Joe Jr.'s injuries for this court to review. This court must presume that the photographs were properly admitted since any doubts arising from an incomplete record must be resolved against the appellant, whose responsibility it is to provide a complete record for review. *People v. Wilson* (1981), 92 Ill. App. 3d 370, 386, 415 N.E.2d 1315, 1327-28.

Defendant next urges that she was not proved guilty beyond a reasonable doubt and that the State failed to show that Joe Jr.'s injuries were inflicted intentionally. Numerous witnesses testified to the bruised and burned condition of Joe Jr., and the defendant admitted to striking Joe Jr. on more than one occasion. Based on our review of this record, we conclude that the verdict of guilty was supported by the evidence and that the decision of the jury that the injuries were intentionally inflicted was not contrary to the manifest weight of the evidence. It is not within our province to override the trier of fact,

who is in a better position to observe the credibility of the witnesses. *City of Macomb v. Gould* (1969), 104 Ill. App. 2d 361, 364, 244 N.E.2d 634, 636.

Defendant contends that she is incapable of being convicted of cruelty to children for two reasons: (1) because Joe Jr. was not within her legal control as defined by the statute, and (2) the crime of cruelty to children is a lesser included offense of aggravated battery, of which she was also convicted.

The phrase "legal control" has been defined as the lawful right to control. (*People v. Parris* (1971), 130 Ill. App. 2d 933, 267 N.E.2d 39.) Defendant argues that she had no legal control over the victim because she was only the live-in girlfriend of the victim's father, and that no cases extend the language of the statute to persons such as her. We disagree.

■ The statute under which defendant was convicted provides as follows:

> "Any person who shall wilfully and unnecessarily expose to the inclemency of the weather, or shall in any other manner injure in health or limb, any child, apprentice or other person under his legal control, shall be guilty of a Class 4 felony." (Ill. Rev. Stat. 1979, ch. 23, par. 2368.)

Defendant here was in a position of *in loco parentis* to Joe Jr. She was in a position which required her to provide primary care for him as well as for her own three children. Joe Jr. lived with defendant under the same roof, shared meals together with other members of the household, and relied on the same source of support. The defendant admitted to attempts to educate Joe Jr. and also to attempts to discipline him. Regardless of the relationship between the defendant and Joe Sr., the defendant was in a position of legal control over the victim within the meaning of the statute. *Cf. People v. Parris* (1971), 130 Ill. App. 2d 933, 937, 267 N.E.2d 39, 42.

■ We further conclude that defendant was properly convicted of both aggravated battery and cruelty to children. Here the record shows that there was more than one act over a period of time which gave rise to the victim's injuries, shown to have resulted from striking Joe Jr. and also burning him. Prejudice results to defendant, requiring vacation of a conviction, only in those instances where more than one offense is carved from the same physical act or "when the defendant is convicted of more than one offense, some of which are, by definition, lesser included offenses." (*People v. King* (1977), 66 Ill. 2d 551, 556, 363 N.E. 2d 838, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273.) " ' "For an offense to be a lesser offense, and included within another, greater offense, it is necessary that the

greater offense include every element of the lesser offense plus one or more other elements." ' " (*People v. Stoehr* (1980), 82 Ill. App. 3d 827, 831, 403 N.E.2d 291, 293.) Hence, a lesser included offense is one composed of some, but not all of the elements of the greater offense, and which does not have any elements not included in the greater offense, so that it is impossible to commit the greater offense without necessarily committing the lesser offense. 82 Ill. App. 3d 827, 831, 403 N.E.2d 291, 293.

■ If we were to accept the premise that cruelty to children is a lesser included offense of aggravated battery as the defendant contends, we would, in effect, be saying that everyone who commits aggravated battery is also guilty of cruelty to children. This is not the case because certain elements necessary to establish cruelty to children, such as the age of the victim and that the victim is within defendant's legal control, are not required to be proved to establish that a defendant is guilty of aggravated battery. (*Cf. People v. Herr* (1980), 87 Ill. App. 3d 819, 822-23, 409 N.E.2d 442, 446.) We conclude, therefore, that cruelty to children is not a lesser included offense of aggravated battery and that defendant's conviction on both offenses must be affirmed.

Finally, the defendant submits that her motion for probation should have been granted and that her sentence was excessive in light of her background. "[I]t is not the function of a reviewing court to reweigh the evidence and substitute its judgment for that of the trial judge on the merits of the question of probation, but rather to determine whether the trial court failed to exercise discretion or acted in an arbitrary manner in denying probation." *People v. Rege* (1976), 64 Ill. 2d 473, 482, 356 N.E.2d 537, 542.

■ Here the trial court conducted a sentencing hearing and took into account all factors required in imposing a proper sentence. (*People v. West* (1977), 54 Ill. App. 3d 903, 909-10, 370 N.E.2d 267, 270.) Therefore, we conclude that the sentence imposed by the trial court in the case at bar was proper under the rationale of *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882, and *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.

For the foregoing reasons, the judgment of the circuit court of Montgomery County is affirmed.

Affirmed.

KARNS, P. J., and JONES, J., concur.