THE PEOPLE OF THE STATE OF ILLINOIS (THE CITY OF CHICAGO), Plaintiff-Appellee, *v.* JOSEPH BROWNLEE, Defendant-Appellant.

(No. 58585;

First District (2nd Division)—February 5, 1974.

James J. Doherty, Public Defender, of Chicago (Marilyn Israel and Lee T. Hettinger, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Mark R. Harms, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Joseph Brownlee, defendant, was charged by separate complaints with reckless conduct and failure to possess an Illinois State firearm owner's identification card in violation of sections 12—5 and 83—2 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, pars. 12—5, 83—2). Defendant was also charged by complaint with resisting arrest in violation of chapter 11, section 33 of the Municipal Code of the City of Chicago. After a bench trial, defendant was found guilty of all charges and was sentenced to one year in the House of Correction on the charges of reckless conduct and failure to possess an Illinois State firearm owner's identification card, the sentences to run concurrently. Defendant was fined $100 on the charge

of resisting arrest. On appeal, defendant argues (1) that the complaint charging him with reckless conduct was fatally defective; (2) that the complaint charging him with resisting arrest was fatally defective; (3) that his conviction for resisting arrest was void since it was prosecuted by the State's Attorney, who had no authority to prosecute violations of the Chicago Municipal Code; and (4) that the evidence was insufficient to establish his guilt beyond a reasonable doubt on the charges of reckless conduct and failure to possess an Illinois State firearm owner's identification card.

At trial, the following evidence was adduced: Alan Kobylar, a Chicago police officer, testified that on May 22, 1972, at approximately 3:10 A.M., he was driving a squad car eastbound on Madison Street in Chicago, Illinois where he observed defendant and a Mr. Centergeld standing on the street at 4730 Madison. He observed defendant pull a revolver from his front pocket and fire one shot at Officer Kobylar's squad car. Officer Kobylar proceeded east on Madison Street and heard three or four more shots fired. Officer Kobylar made a U-turn at the intersection of Kilpatrick and Madison, and at approximately 4730 Madison, he observed defendant throw the gun to the ground. Defendant was placed under arrest and the weapon was recovered. Defendant stated that he was not going to be placed under arrest. Defendant then pushed Officer Kobylar and tried to escape. After a struggle, defendant was subdued. After defendant was warned of his constitutional rights, he was asked whether he had a State firearm owner's identification card. Defendant replied that he did not.

Joseph Brownlee, defendant, testified that on May 22, 1972, at approximately 3:10 A.M., he was returning from a night club and was walking with a friend named Eddie down Madison Street. Officer Kobylar approached them and told both of them to put their hands on the car. Defendant testified that the officer slapped Eddie and then hit him, knocking him to the ground. Defendant testified that Officer Kobylar told him that he had found a gun. Defendant denied that the gun was his. Defendant denied that he ever pointed a gun at Officer Kobylar or fired a weapon that evening in question.

Defendant's initial argument on appeal is that the complaint charging him with reckless conduct was fatally defective in two respects. Defendant was initially charged by complaint with aggravated assault in violation of section 12—2(a)(1) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 12—2(a)(1)). That complaint read that the defendant committed the offense of aggravated assault in that he:

> "[W]ithout lawful authority, and while using a deadly weapon, to wit: A .22 caliber Rohn revolver fired shots at the said patrol-

man Alan Kodylar [*sic*] thereby placing him in reasonable apprehension of receiving a battery."

Prior to trial, the assistant State's Attorney asked to amend the complaint by striking the words "aggravated assault" and inserting the words "reckless conduct" and by "striking the body of the complaint and inserting the words 'a person who causes bodily harm to or endangers bodily safety of an individual by any means'." However, the common law record reveals that the body of the complaint was not physically stricken, but merely that the words "reckless conduct" were substituted for the phrase "aggravated assault"; the acts specifically alleging the offense remained as part of the written complaint and added thereto was the following language:

> "A person who causes bodily harm to or endangers the bodily safety of an individual by any means, commits the reckless conduct if he performs recklessly said acts which endanger safety."

Defendant submits a two-pronged argument. First, he contends that the report of the proceedings clearly demonstrates the written complaint was amended by striking the entire body of the complaint, including the particular acts alleged. Consequently, the complaint does not state what act or acts defendant allegedly committed, and is therefore insufficient to apprise defendant of the charge against him. Alternatively, defendant urges that the complaint is fatally defective in that it fails to specify that the act complained of was performed "recklessly." Defendant's contentions are not persuasive.

■■■ The rule is well established that the report of proceedings and the common law record must be read together as a whole. (*People v. Caruth,* 4 Ill.App.3d 527, 281 N.E.2d 349.) Athough the record of the proceedings indicates that the assistant State's Attorney made a motion to strike the body of the complaint and insert in its place certain words, we think the statement was not intended, nor interpreted, to be conclusive of the substance of the written complaint. The words "a person who causes bodily harm to or endangers the bodily safety of an individual by any means * * *" uttered by the prosecutor do not complete the charging sentence of the complaint form, nor do they express a complete thought. As such, the compelling conclusion is that the prosecutor's statement, although unskillfully presented, was merely an abbreviated description of the complaint to be amended in writing. Therefore, defendant's conviction rests upon the written complain contained in the common law record.

■■ Defendant next contends that the complaint fails to allege an essential element of the crime since it did not allege that defendant performed any act recklessly. The contention is without merit. The charge

of the present complaint not only sets out the statutory definition of reckless conduct, but alleges the specific acts of defendant which constitute the offense. The statutory language read together with the particular acts of defendant clearly and unequivocally indicate the crime with which the defendant was charged. Under these circumstances, the absence of an adverbial description of defendant's conduct is of no consequence. Niceties and strictness of pleading are supported only where a defendant would otherwise be surprised at trial or be unable to meet the charge or to prepare his defense. (*People v. Woodruff*, 9 Ill.2d 429, 137 N.E.2d 809.) Here, the conduct charged in the amendatory complaint was the same as that of the amended complaint. Defense counsel knew of the amendatory charge, expressly waived reexecution, and demanded an immediate trial. Moreover, an examination of the record indicates that defendant had previously prepared the defense which he interposed at trial. The complaint alleged every essential element of reckless conduct and adequately informed defendant of the crime with which he was charged.

Defendant next argues that the complaint charging him with resisting arrest in violation of the Chicago Municipal Code is fatally defective and that his conviction for resisting arrest is void because the assistant State's Attorney who conducted the trial had no authority to prosecute a Municipal Code violation. The State has filed a motion in this court to dismiss defendant's appeal as to the City charge because defendant has failed to comply with Supreme Court Rule 303(d) (Ill. Rev. Stat. 1971, ch. 110A, par. 303(d)), in that defendant has not served the City of Chicago with a copy of the notice of appeal.

■■ A review of the record discloses that the notice of appeal was directed to the Attorney General of the State of Illinois and to the State's Attorney of Cook County. A copy of the notice of appeal was not served upon the City of Chicago nor were copies of briefs filed in this court served upon the City of Chicago. Illinois Supreme Court Rule 303(d) provides that the party filing a notice of appeal shall serve a copy upon every party entitled by law to a notice of appeal. Since the City of Chicago was the plaintiff in defendant's conviction for resisting arrest, it comes within the provision of Rule 303(d) and defendant's failure to serve the City with a copy of the notice of appeal requires that defendant's appeal from his conviction for resisting arrest in violation of the Municipal Code of the City of Chicago be dismissed. *People v. Claudio*, 13 Ill.App.3d 537, 300 N.E.2d 791.

Defendant next argues that he was not proven guilty beyond a reasonable doubt on the charges of reckless conduct and failure to possess an Illinois State firearm owner's identification card because the testimony

of the only State's witness, Officer Kobylar, was improbable, contradictory, unsatisfactory and contrary to human experience. In a bench trial, it is the duty of the trial judge to determine the credibility of witnesses and the weight to be given to their testimony. Only where the evidence is so unsatisfactory as to raise a reasonable doubt of the defendant's guilt will the finding of the trial court be disturbed. (*People v. Hampton*, 44 Ill.2d 41, 253 N.E.2d 385.) The testimony of one witness, if positive and credible, is sufficient to sustain a conviction even though contradicted by the accused. *People v. McVet*, 7 Ill.App.3d 381, 287 N.E.2d 479.

■■ In the case at bar, the testimony of Officer Kobylar was positive and credible. His testimony established that on the evening in question, defendant had possession of a revolver. Defendant fired the revolver at Officer Kobylar's squad car. Defendant then attempted to dispose of the weapon and when Officer Kobylar attempted to arrest him, defendant resisted and had to be physically restrained. Defendant was unable to produce a State firearm owner's identification card and when asked if he had one, he replied that he did not. This evidence was sufficient to sustain the finding of the trial judge that defendant's guilt on the charges of reckless conduct and failure to produce an Illinois State firearm owner's identification card was established beyond a reasonable doubt.

■■ Defendant also argues that the evidence was insufficient to establish his guilt beyond a reasonable doubt because the only evidence introduced to prove that he did not possess a firearm owner's identification card was his confession. Defendant urges that this violates the rule that the *corpus delecti* cannot be proven by the defendant's confession alone. To support a conviction for the crime of failure to possess a State firearm owner's identification card, the State must prove that defendant possessed a firearm and that he did so without having in his possession a firearm owner's identification card. Officer Kobylar's testimony clearly established that defendant did have in his possession a firearm and did not produce a State firearm owner's identification card. Defendant's conviction was not based solely upon his confession.

For the foregoing reasons, defendant's appeal from his conviction for resisting arrest is dismissed. Defendant's conviction for reckless conduct and failure to possess an Illinois State firearm owner's identification card are affirmed.

Appeal from judgment of conviction for resisting arrest dismissed; judgment of conviction for reckless conduct affirmed; judgment of conviction for failure to possess Illinois State firearm owner's identification card affirmed.

LEIGHTON and DOWNING, JJ., concur.