*In re* CANDY AARONSON *et al.,* Minors.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* ARTHUR AARONSON, Respondent-Appellant.)

Third District   No. 77-296

Opinion filed November 9, 1978.—Rehearing denied December 12, 1978.

Susan A. Diehl, of Western Illinois Legal Assistance Foundation, of East Moline, for appellant.

Edward Keefe, State's Attorney, of Rock Island (James E. Hinterlong, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This appeal is from the judgment of the circuit court of Rock Island County finding Candy Aaronson, Theresa Aaronson and Billy Aaronson neglected minors after an adjudicatory hearing. The appellant-respondent is Arthur Aaronson, the father of the minors.

This action was brought on petitions alleging neglect and dependency of Candy, Theresa and Billy Aaronson. The State on its motion struck a reference contained in the petition for adjudication of the neglect and dependency of Candy Aaronson that Candy was the subject of a suspected child abuse report. An examination of this latter petition clearly shows that such allegation of abuse was too vague to sustain prosecution. Thus, the only issue presented by the petitions is the neglect of the three minor children by respondent. The allegation of neglect in the petitions reads as follows:

"\* \* \* that the said minor is below the age of eighteen years and whose environment is injurious to his [her] welfare \* \* \*."

No other allegations were made on the issue of neglect and the "injurious environment" is not further described or specified. The court found the three minors neglected.

At the time of the filing of the petitions, Theresa was 10 years of age, Billy was 9, and Candy was 7. In September 1976, the parents were divorced and the custody of these three children was awarded to appellant. He had had sole custody of the children from the time Cleo Aaronson Johnson, the mother of the children and former wife of Arthur Aaronson, left the marital home in January, 1975. The matter was commenced in January 1977, when Cleo Aaronson Johnson made a suspected child abuse report regarding Candy. The testimony at the hearing consisted predominantly of the testimony of the three children.

■■ The instant petitions were brought under section 2—4(1)(b) of the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 702—4(1)(b)), which reads as follows:

"Those who are neglected include any minor under 18 years of age \* \* \* whose environment is injurious to his welfare or whose behavior is injurious to his own welfare or that of others."

The issue on this appeal is whether the trial court's finding is supported by the manifest weight of the evidence. The general principles applicable in a case such as this are that the State has the burden of proving neglect by a preponderance of the evidence and such a determination by the trial court will not be overturned on review unless the judgment is against the manifest weight of the evidence. (*In re Gonzales*, 25 Ill. App. 3d 136, 323 N.E.2d 42; *In re Gomez*, 53 Ill. App. 3d 353, 368 N.E.2d 775.) The Illinois Supreme Court in *In re Stilley*, 66 Ill. 2d 515, 520, 363 N.E.2d 820, 822, stated the principles as being "Given the varying circumstances of neglect cases, the trial court must have broad discretion to reach a just determination. \* \* \* The delicacy and difficulty of child-custody and child-neglect cases justify the burden of responsibility placed on the trial court and the ensuing deference which must be given to the trial court. \* \* \*" The court went on to state that the essential policy consideration is the best interest and welfare of the child. *In re Stilley*, 66 Ill. 2d 515, 363 N.E.2d 820.

After reviewing the evidence, the trial judge stated he based his finding of neglect on "\* \* \* the incest factor, the fear factor and the beating factor \* \* \*." We will first examine the "incest factor" to which the trial court gave great consideration.

The present wife of the appellant, Robin Aaronson, is the daughter of appellant's ex-wife, Cleo Aaronson Johnson. Robin became pregnant with appellant's child while her mother, Cleo, was still married to Arthur

Aaronson. It should be noted Arthur Aaronson married his ex-wife's daughter and they have a child of their own. Five years have elapsed since the date of the occurrence and the hearing on this cause. No allegations have been made regarding the environment in the Aaronson home being injurious to the welfare of this child. The trial court's finding seems to be colored by what happened five years prior to the hearing. The Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 602(a)) sets forth the factors to be considered in awarding the custody of a child. We note the instant appeal is from a proceeding for neglect and not for custody in a divorce (dissolution). However, it is noteworthy that after enumerating the factors to be considered regarding custody, the statute states "[t]he court shall not consider conduct of a present or proposed custodian that does not affect his relationship to the child." (Ill. Rev. Stat. 1977, ch. 40, par. 602(b).) In the instant case the one most significant and overwhelming consideration of the trial court seemed to be the incest factor. However, the record is devoid of any evidence indicating that what occurred five years prior affects the present relationship of the father and his three children. To the contrary, apparently the father and his present wife have a stable marriage and as noted above, no allegations were made that the environment in the home was injurious to the welfare of their child.

The other two factors listed by the trial court as the basis for its determination are the "fear factor" and the "beating factor." With regard to the fear factor we note the testimony at the trial consists predominantly of the three children. The record shows the father voluntarily offered to leave the courtroom so the children could testify. The record also shows the children were nervous and fearful, which might be understandable considering the fact that they were testifying in court. The trial court made a finding that Theresa, in particular, appeared frightened at testifying. Theresa also testified she would prefer to live with her mother. However, the other two children testified they were not afraid of their father. Overall, an examination of the record does not support the so-called "fear factor" as a basis for a finding of neglect.

The "beating factor" was the third major consideration by the trial court. The testimony is in great dispute as to the nature of these so-called "beatings." The State alleged appellant beat his children by striking them on the buttocks with a belt and board. There is little evidence that any of these so-called beatings was administered for other than disciplinary reasons. We note the United States Supreme Court recently affirmed a decision holding the paddling of students in public schools as a means of maintaining school discipline did not constitute cruel and unusual punishment in violation of the eighth amendment. (*Ingraham v. Wright*, 430 U.S. 651, 51 L. Ed. 2d 711, 97 S. Ct. 1401.) Certainly, paddling one's

own children cannot be the basis of a charge of child abuse and neglect in the absence of clear evidence the paddling was vicious or for other than disciplinary reasons. The record here does not show the existence of clear evidence that the paddlings were vicious or for other than disciplinary reasons.

■■ Although the record in the instant case might indicate the existence of a less than perfect environment for a child, the record does not support the existence of the three factors enumerated by the trial court to the extent sufficient to support a finding of neglect.

For the foregoing reasons the judgment of the circuit court of Rock Island County finding the three minor children neglected is reversed.

Judgment reversed.

ALLOY and SCOTT, JJ., concur.