THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALLAN E. SWANSON, Defendant-Appellant.

Second District   No. 79-259

Opinion filed May 23, 1980.

Mary Robinson and Elizabeth Clarke, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Defendant, Allan Swanson, was tried by a jury and found not guilty of battery and guilty of reckless conduct. He was sentenced to one year probation. On appeal he contends that he was not proved guilty beyond a reasonable doubt.

The facts are basically undisputed. Defendant lived with a woman and her five-year-old son, Joshua. Both the defendant and the woman shared the responsibility of disciplining the child. On November 4, 1978, defendant, while disciplining Joshua, spanked him with one of the child's belts. As the child squirmed, some of the blows fell on his back and chest. Defendant then explained to Joshua why he had been disciplined. Neither defendant nor Joshua's mother noticed any marks on the child's back or chest. The following day, a relative who was babysitting for Joshua noticed a number of marks on the child's back and chest which appeared to have been made by a strap or belt; she took him to the hospital and contacted the police. Defendant was thereafter arrested and charged.

Defendant's sole contention on appeal is that he was not proved guilty beyond a reasonable doubt. The basis for this argument is that the acts of defendant constitute no more than the reasonable discipline of a child. In line with this argument, defendant notes that the Committee Comments to section 12—5 of the Criminal Code of 1961 (Ill. Ann. Stat., ch. 38, par. 12—5, Committee Comments, at 572 (Smith-Hurd 1979)) state that "reckless conduct" is aimed primarily at the type of conduct involved in a reckless homicide.

We agree that the cases to date under section 12—5 generally have dealt with such life-threatening situations. (See *People v. Johnson* (1974), 20 Ill. App. 3d 1085, 314 N.E.2d 197; *People v. Brownlee* (1974), 17 Ill. App. 3d 535, 308 N.E.2d 377; *People v. Vassar* (1978), 62 Ill. App. 3d 523, 379 N.E.2d 94.) However, while the Committee Comment may be correct in noting that the offense of reckless conduct is directed "primarily" toward conduct which places a person in danger of extreme bodily harm or death, the legislature did not draw the statute so narrowly as to have it apply *exclusively* to such actions.

In the absence of a change in the statute by the legislature, or an expression by the legislature of an intent different than that which is shown by the language of the statute, we must conclude that the jury, having heard and weighed the testimony and other evidence, had a sufficient basis to find that defendant recklessly (as defined in Ill. Rev. Stat. 1977, ch. 38, par. 4—6) performed the acts in question. No error is

asserted by the defendant in reference to jury instructions; the record shows that at defendant's request, the court gave Illinois Pattern Instructions, Criminal, Nos. 5.01, 11.13 and 11.14 (1968), all dealing with the charge of reckless conduct. Accordingly, the verdict and judgment should stand.

Affirmed.

NASH and LINDBERG, JJ., concur.