THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES EARL REYNOLDS, Defendant-Appellant.

First District (4th Division)    No. 80-524

Opinion filed December 23, 1980.

James J. Doherty, Public Defender, of Chicago (James H. Reddy, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Robert J. Kaiser, Jr., and Barbara A. Levin, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE LINN delivered the opinion of the court:

The defendant, James Earl Reynolds, pleaded guilty to the offense of involuntary manslaughter and was sentenced by the trial court to a probationary term of 30 months. During the probationary period, the State filed a petition alleging a violation of probation because defendant had committed the offenses of aggravated battery and cruelty to children. (Ill. Rev. Stat. 1979, ch. 38, pars. 12—4(a), 12—4(b)(1), and ch. 23, par. 2368.) After a hearing on this petition, defendant was found in violation of his probation and was sentenced by the trial court to a penitentiary term of 4 years, without credit for time served on probation. Defendant appeals from this judgment, contending that he did not violate his probation since he merely struck his son in order to discipline him.

The following facts were adduced at the hearing on the petition for violation of probation: Police Officer Thomas Marcial testified that, at approximately 9:30 a.m., on March 31, 1979, he went to a residence, which was located at 4727 North Malden in Chicago, in response to a radio message; that on his way up to apartment 326, he heard a child screaming; that he then knocked on the door to that apartment and defendant answered; and that, at this time, defendant was holding an electrical cord, which was doubled over to form "four cords of about 18 inches in length, each one of the strands, * * * about * * * eighth of an inch thick." Officer Marcial then asked defendant what was taking place and defendant replied that he was disciplining his son, LaJohn, and that he was using the electrical cord to accomplish this. Officer Marcial then observed defendant's son, fully clothed, standing by the foot of the bed. He estimated that LaJohn was approximately 3 years old and stated that, at that time, the boy was crying and screaming. Officer Marcial then lifted up LaJohn's shirt and noted "numerous whelps and old scars." The police officer further stated that there were two other children in the apartment at that time and that those children were not crying. LaJohn's mother was found in bed with sheets pulled over her head. After supervisory police personnel arrived at the scene, Officer Marcial drove defendant, the mother and the child to Weiss Memorial Hospital.

On cross-examination, Officer Marcial admitted that he did not observe defendant inflict any wounds on LaJohn and that LaJohn was not bleeding at the time. However, police officer Marcial further indicated that defendant did strike his son with his hand in the officer's presence.

Police Officer Mary Ellen Ryan testified that, later that day, she interviewed defendant in the lockup. He explained to her that he used the electrical cord to discipline his son because LaJohn had thrown a toy across the room at his sister and when defendant told LaJohn to stop it, LaJohn kept "fooling around." Defendant then stated to Ryan that he had whipped LaJohn 3 to 5 times in the past and that he did not know it was wrong to cause a mark on the child. Defendant told the police officer that he had been raised that way, and because of this, did not see anything wrong with his actions.

The parties stipulated that, if the examining doctor were called to testify, he would state that LaJohn had fresh bruises on both legs, the left upper arm, the right side and the nose and old scars on the legs and abdomen. The physician would further state that he observed no bleeding and no tenderness or swelling in the chest area and that an X-ray examination showed no fractures either old or new. After hearing this evidence and the argument of counsel, the trial court found defendant had violated his probation.

As stated above, defendant contends that he did not commit the offenses upon which his probation violation was based, since he was merely disciplining his child with the electrical cord. We cannot agree with this contention.

We should note at the outset that in a probation revocation hearing the trial court is in the best position to evaluate the credibility of the witnesses and to determine the weight to be given their testimony. Accordingly, a court of review should not disturb a finding of revocation of probation merely because of conflicting testimony. (*People v. Hurley* (1978), 62 Ill. App. 3d 243, 247, 379 N.E.2d 84.) After having carefully examined the record on appeal, we cannot say that the trial court's decision to revoke defendant's probation was erroneous.

The standard of proof in a revocation probation hearing is not as stringent as that in a criminal trial. In a probation revocation the State need only prove the violation of probation by a preponderance of the evidence. (*People v. Crowell* (1973), 53 Ill. 2d 447, 451, 292 N.E.2d 721; see also Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—4(c).) Only competent evidence may be used to prove a violation of probation. *People v. Collins* (1973), 14 Ill. App. 3d 446, 448, 302 N.E.2d 709.

■■ The evidence established that the investigating police officer found defendant standing near his screaming 3-year-old son; defendant was holding an electrical extension cord fashioned in such a manner that it resembled a whip. Defendant at this time freely admitted that he had been using this cord to discipline his son and that he had also done this on prior occasions. In the officer's presence defendant struck his son with his hand. Thereafter, the child was taken to the hospital, where it was found

that his body contained numerous fresh scars and bruises. In view of this evidence, we are of the opinion that the State adequately demonstrated by a preponderance of the evidence that defendant was culpable of the aforesaid offenses.

Defendant calls attention to the medical stipulation which indicated that LaJohn had multiple bruises and old scars and that there was no evidence of fractures or bleeding. Defendant maintains that the State failed to sustain its burden since there was no evidence introduced to prove that the bruises were caused on March 31 or that they were caused by defendant. However, as stated above, the aforesaid medical examination discovered fresh bruises and defendant freely admitted using the cord on his child on the date in question. Moreover, there was no evidence introduced by defendant which demonstrated that defendant did not beat the child that morning.

Defendant next maintains that the State failed to prove the necessary elements of the offenses with which he was charged. In order to prove aggravated battery, the State must show either that defendant caused great bodily harm or that defendant used a deadly weapon. (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(a), 12—4(b)(1).) What constitutes great bodily harm is a question of fact to be determined by the trier of fact (see *People v. Cavanaugh* (1957); 18 Ill. App. 2d 279, 289, 152 N.E.2d 266). In *People v. Machroli* (1968), 100 Ill. App. 2d 227, 230-33, 241 N.E.2d 609, *rev'd on other grounds* (1969), 44 Ill. 2d 222, the defendant was convicted of aggravated battery for slapping a 2-year-old with sufficient force to knock the child to the floor and jabbing her in the ribs with the end of a spoon, even though there was no breaking of the child's skin, no injury to her bones and no disfigurement or permanent injury of any kind. This court stated that "[e]ven if the defendant stood in loco parentis to * * * [the child] the force he used in reprimanding the child was far beyond the acceptable standards of parental conduct." (100 Ill. App. 2d 227, 232.) The court then held that the State had established that defendant had caused great bodily harm to the child.

■■ Since *Machroli* is so factually similar to the present situation, we are of the opinion that it is evident that the State established by a preponderance of the evidence that defendant caused great bodily harm to LaJohn Cobb. Because we have determined that the State has demonstrated that defendant caused great bodily harm, we do not reach defendant's second contention that the electrical cord did not constitute a deadly weapon.

■■ Regarding the claim related to cruelty to children, defendant, citing *In re Aaronson* (1978), 65 Ill. App. 3d 729, 382 N.E.2d 853, argues that his actions were within his rights as a parent to administer corporal punishment to his child. However, in *Aaronson*, which was an appeal of the

circuit court's order finding three minors neglected, there was evidence only that respondent struck the children on the buttocks with a belt and board. There was little evidence that any of these so-called "beatings" were administered for other than disciplinary reasons. In addition, there was no clear evidence that the paddlings were vicious. Here, defendant inflicted multiple bruises on LaJohn Cobb with an electrical cord. This is clear evidence that the beatings were vicious. See, *e.g., People v. Parris* (1971), 130 Ill. App. 2d 933, 935, 267 N.E.2d 39.

The judgment of the circuit court of Cook County is therefore affirmed.

Affirmed.

JOHNSON and ROMITI, JJ., concur.