THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FRED B. JOHNSON, Defendant-Appellant.

Second District   No. 84—0394

Opinion filed June 12, 1985.

G. Joseph Weller and Mary K. Schick, both of State Appellate Defender's Office, of Elgin, for appellant.

Robert J. Morrow, State's Attorney, of Geneva (Phyllis J. Perko and Judith M. Pietrucha, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HOPF delivered the opinion of the court:

At a bench trial defendant, Fred B. Johnson, was found guilty of two counts of cruelty to children (Ill. Rev. Stat. 1983, ch. 23, par. 2368) and one count of aggravated battery (Ill. Rev. Stat. 1983, ch. 38, par. 12—4.3), as a result of injuries admittedly inflicted by him with an electrical extension cord upon his two sons, 12-year-old Bruce and nine-year-old Frederick. Judgment was entered on the aggravated battery count and one count of cruelty to children. Sentence was imposed on all three counts.

On appeal, defendant contends: (1) that his sentence for two counts of cruelty to children was improper because judgment had been entered on only one count; and, (2) that his conviction for cruelty to children should be reversed because his conduct towards his nine-year-old son Frederick did not fall within the purview of that proscribed by the cruelty-to-children statute. Ill. Rev. Stat. 1983, ch. 23, par. 2368.

On June 17, 1983, defendant arrived home after work and was informed by his wife that his two sons, 12-year-old Bruce and nine-year-old Frederick, had taken money from Mrs. Johnson's purse to purchase a radio. Defendant had previously told his sons that they could not purchase the radio. Defendant proceeded to the basement to get an extension cord which he admittedly used to subsequently whip both Bruce and Frederick. As defendant raises no issue as to his beating of

Bruce, we will not relate those facts in detail. We note, however, testimony that some of the marks on Bruce will leave permanent scars.

At the time of defendant's arrival at home, Bruce and Frederick were outside. Defendant called Bruce into the house, took him into defendant's bedroom and beat him with the extension cord. Mrs. Johnson testified that after defendant finished whipping Bruce she heard him whipping Frederick and that Frederick was crying. Frederick stated that defendant called him into the bedroom after Bruce had been yelling for about five minutes. Frederick recounted that his father beat him with the electrical extension cord on his back. After a while Frederick retreated to the living room. He heard defendant still beating on Bruce, and then defendant came into the living room and started again to beat Frederick on the back for about five or six times. Frederick said that he felt "bad" after the beating and that his back felt worse the next morning. Defendant testified that he whipped Frederick two or three times.

Mrs. Johnson further testified that she was not aware of the extent of the boys' injuries until the next morning after defendant left for work and she examined Bruce and Frederick. Bruce had marks on his back, arms, face, and hands and could scarcely raise his arm. Frederick's back had three red stripes on it. As a result, Mrs. Johnson took the boys to Copley Memorial Hospital in Aurora. Dr. Manuel Sarocca testified that he was on duty in the emergency room at Copley Memorial Hospital on June 18, 1983, and that he examined both Bruce and Frederick. The physician testified as to the extent of Bruce's injuries, including their configuration and color, and to the fact that the injuries resulted from a forcible blow inflicted by an object such as a cord or rope. An examination of Frederick revealed two reddish marks which the doctor also believed were inflicted by a forcible blow.

At the conclusion of defendant's bench trial, the court found defendant guilty of counts I and II, cruelty to children with respect to Bruce and Frederick, and count III, aggravated battery to Bruce. Judgment was entered on two counts, cruelty to children as a result of injuries inflicted on Frederick, and aggravated battery of Bruce. At the sentencing hearing the trial court imposed sentence for three counts, two counts of cruelty to children with respect to Bruce and Frederick and one count of aggravated battery to Bruce.

■ The first issue raised by defendant is that the trial court acted improperly when it imposed sentence of 24 months' probation and 30 days in jail for two counts of cruelty to children as to Bruce and Frederick when judgment had only been entered on one count,

that pertaining to Frederick. The State does not challenge defendant on this issue. It is undisputed that a sentence cannot be imposed for a charge upon which a judgment of conviction has not been entered. (*People v. Lucien* (1982), 109 Ill. App. 3d 412, 440 N.E.2d 899.) Therefore, we find that defendant's sentence for one count of cruelty to children should be vacated.

▮ Next, defendant argues that his conduct towards his nine-year-old son Frederick did not fall within the purview of that proscribed by the cruelty-to-children statute, which states:

"Any person who shall wilfully and unnecessarily expose to the inclemency of the weather, or shall in any other manner injure in health or limb, any child, apprentice or other person under his legal control, shall be guilty of a Class 4 felony." (Ill. Rev. Stat. 1983, ch. 23, par. 2368.)

It is defendant's contention that his act of inflicting two red marks on the back of his nine-year-old child, Frederick, did not constitute the type or degree of injury required for conviction under this statute. Rather, defendant maintains that his act of whipping his son with an extension cord fell within the reasonable bounds permitted a parent in exercising his disciplinary authority over his children. The State disagrees, arguing that defendant's punishment of his son, Frederick, exceeded the reasonable bounds of force that a parent may use in disciplining his child.

It has long been established that although "the law gives parents a large discretion in the exercise of authority over their children *** this authority must be exercised within the bounds of reason and humanity." (*Fletcher v. People* (1869), 52 Ill. 395, 397.) Defendant posits that the infliction of two red marks on Frederick's back constituted reasonable parental discipline despite the fact that these marks were still visible more than 12 hours after infliction and that they were forcibly inflicted by whipping with an extension cord. Cases dealing with individuals charged under the cruelty-to-children statute do not specify the particular type or degree of injury necessary to sustain a conviction. Defendant cites a number of cases in which certain types of punishment have been determined to be beyond the bounds of reason and humanity to illustrate why defendant's conduct towards Frederick cannot be deemed unreasonable, but we note that defendant's cases deal with severe and oftentimes permanent injuries, including the infliction of second- and third-degree burns (*People v. Hefley* (1982), 109 Ill. App. 3d 74, 440 N.E.2d 173), and the fracturing of a child's bones (*People v. Rogers* (1982), 104 Ill. App. 3d 326, 432 N.E.2d 975).

However, it has been also held to be unreasonable conduct to

spank a child with one of the child's belts so that some of the blows fall upon the child's back and chest. (*People v. Swanson* (1980), 84 Ill. App. 3d 245, 405 N.E.2d 483.) Additionally, in *People v. Reynolds* (1980), 91 Ill. App. 3d 683, 415 N.E.2d 685, a father used an extension cord to discipline his son. In *Reynolds*, as in the instant case, the defendant father freely admitted using the extension cord to punish his son. An examination of that child showed numerous welts and bruises on his legs, left upper arm and nose, as well as old scars on his legs and abdomen. (91 Ill. App. 3d 683, 685, 415 N.E.2d 685.) Although the injuries to the victim in *Reynolds* were more extensive than those inflicted on Frederick, in both cases the whippings exceeded the reasonable bounds of force permitted a parent in disciplining his child. This court believes that despite the fact that Frederick deserved to be disciplined for the wrongful act of stealing money from his mother's purse, the use of a whip-like instrument to punish him was vicious and unreasonable.

Frederick testified that defendant beat him on his back in the bedroom and then later beat him five or six more times in the living room. Likewise, defendant did not deny whipping Frederick on the back with the extension cord, although defendant stated he did not hit Frederick and Bruce hard. Nevertheless, Frederick still bore two red marks on his back when he was examined at the hospital the next morning. The cruelty-to-children statute makes it unlawful for any person to wilfully and unnecessarily "injure in health or limb, any child *** under his legal control." (Ill. Rev. Stat. 1983, ch. 23, par. 2368.) Webster's Third New International Dictionary 1043, 1164, (1981) defines "health" as the state of being sound in body and mind and "injure" as implying an infliction upon someone of anything detrimental to looks, health, *etc.* As pointed out by the supreme court in its interpretation of the endangering-the-life-of-a-child statute (Ill. Rev. Stat. 1983, ch. 23, par. 2354), the use of the words "health" and "injure" in the same phrase proscribes the inflicting of personal injury upon a person. (*People v. Vandiver* (1971), 51 Ill. 2d 525, 529, 283 N.E.2d 681.) This interpretation is equally applicable to the cruelty-to-children statute. According to Frederick, the beating hurt. He testified that he felt "bad" afterwards and that his back felt worse the next morning than it did on the day of the beating. The fact that Frederick was not permanently scarred, as was his brother Bruce, does not negate the fact that defendant inflicted personal injury on Frederick which still existed the day after it was inflicted.

■■ In a criminal bench trial, it is for the judge to hear the testimony and determine the credibility of witnesses. (*People v. Mar-*

*giolas* (1983), 117 Ill. App. 3d 363, 366, 453 N.E.2d 842.) In view of the opportunities of observation available to the trial court, a reviewing court will not disturb a finding of guilty unless the proof is so unsatisfactory or implausible as to justify a reasonable doubt as to defendant's guilt. (*People v. McNair* (1979), 71 Ill. App. 3d 782, 788, 390 N.E.2d 142.) We conclude from our review of the testimony and evidence that the trial court's finding that defendant was guilty beyond a reasonable doubt of cruelty to Frederick was correct and should not be disturbed.

In light of the above, we find that defendant's sentence for one count of cruelty to children should be vacated and his conviction for cruelty to Frederick should be affirmed. Therefore, the judgment of the circuit court of Kane County is affirmed in part and vacated in part.

Affirmed in part; vacated in part.

NASH, P.J., and REINHARD, J., concur.