THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MAGEE M. TOMLIANOVICH, Defendant-Appellant.

Third District   No. 3—87—0032

Opinion filed September 25, 1987.

Ronald L. Hamm, of Hamm & Hanna, Ltd., of Peoria, for appellant.

Joan Scott, State's Attorney, of Lewistown (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

A jury convicted the defendant, Magee M. Tomlianovich, of cruelty to children. (Ill. Rev. Stat. 1985, ch. 23, par. 2368.) The trial court sentenced her to two years of probation, with the conditions that she pay a $250 fine and costs, continue mental health counseling,

and cooperate with the Department of Children and Family Services. The defendant appeals.

At the defendant's trial, Dr. Carlos Almeida testified that on May 13, 1986, he examined the defendant's son, Jeremy. Jeremy's buttocks were severely bruised to the point of hematoma. Dr. Almeida had never seen a condition as severe. Worried that Jeremy's body would not reabsorb the blood, Dr. Almeida had him come back twice for re-examination. By the third visit, 16 days after the initial examination, the bruises were gone.

Jeremy testified that he was 11 years old at the time of the incident. He claimed that his stepfather had hit him approximately 20 times with a wooden paddle because Jeremy had given his school his mother's prior married name rather than her current married name and because he had left his room while he was grounded.

The defendant claimed that Jeremy's stepfather had not spanked Jeremy and that she had spanked him with a wooden paddle only five or six times. The impetus for the spanking, she said, was Jeremy's playing with fire, "zipping" matches at his 1½-year-old brother, and being kept after school for smoking.

Jeremy's stepfather, who was a codefendant in the trial, also testified that he did not spank Jeremy during the incident in question. The jury acquitted him, while convicting the defendant.

On appeal, the defendant first argues that she was not proved guilty beyond a reasonable doubt. Essentially, she contends that Jeremy's spanking was within the reasonable exercise of her parental disciplinary authority.

■■ ■ Parental rights of discipline are limited by a standard of reasonableness. (*People v. Ball* (1974), 58 Ill. 2d 36, 317 N.E.2d 54.) A parent's disciplinary authority over her children must be exercised within the bounds of reason and humanity. (*People v. Virgin* (1978), 60 Ill. App. 3d 964, 377 N.E.2d 846.) These bounds are passed when a paddling is vicious or for other than disciplinary reasons. *In re Aaronson* (1978), 65 Ill. App. 3d 729, 382 N.E.2d 853.

In the instant case, Dr. Almeida testified that Jeremy's bruising was the most severe he had ever seen. In fact, the bruising was so severe that it was classified as hematoma, a degree beyond normal bruising. Photographs introduced into evidence by the State showed that Jeremy's buttocks were solid red and purple.

■■ While the defendant may have had a legitimate reason for disciplining Jeremy, the injuries he incurred show that the paddling was vicious and went beyond the bounds of reason and humanity. Based on the evidence in this case, we find that a rational trier of

fact could properly have decided that the defendant was proved guilty beyond a reasonable doubt of cruelty to children. See *People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.

■ The defendant's second argument on appeal is that the cruelty to children statute is unconstitutional due to an alleged conflict between it and the aggravated battery to a child statute (Ill. Rev. Stat. 1985, ch. 38, par. 12—4.3).

The cruelty to children statute provides:

> "Any person who shall wilfully and unnecessarily expose to the inclemency of the weather, or shall in any other manner injure in health or limb, any child, apprentice or other person under his legal control, shall be guilty of a Class 4 felony." Ill. Rev. Stat. 1985, ch. 23, par. 2368.

The aggravated battery of a child statute provides in part:

> "(a) Any person of the age 18 years and upwards who intentionally or knowingly, and without legal justification and by any means, causes great bodily harm or permanent disability or disfigurement to any child under the age of 13 years, commits the offense of aggravated battery of a child.
>
> Aggravated battery of a child is a Class 2 felony." Ill. Rev. Stat. 1985, ch. 38, par. 12—4.3(a).

It goes on to state in subparagraph (b) that if the defendant is engaged in the actual care of the victim, the court may, without entering a judgment of guilt and with the consent of the defendant, defer further proceedings and place the defendant on probation subject to certain terms. Upon the fulfillment of those terms, the court shall discharge the defendant and dismiss the proceedings without court adjudication of guilt. Ill. Rev. Stat. 1985, ch. 38, par. 12—4.3(b).

The defendant contends that had she committed the more serious offense of aggravated battery to a child and been charged under the aggravated battery to a child statute, she would have been eligible to have her felony conviction erased. She therefore concludes that the cruelty to children statute violates her equal protection and due process rights because by committing the less heinous offense, involving no great bodily harm or permanent disability or disfigurement, she will suffer the stigma of a felony conviction.

Neither party has cited any cases on point with the instant facts, nor has our research revealed any. However, it is well established that equal protection and due process are not denied by the fact that the same conduct can be the basis for charging different offenses carrying different penalties, including where one act can be charged as either a misdemeanor or a felony (see *People v. Keegan* (1971), 52 Ill. 2d 147,

286 N.E.2d 345), or where the same act can be charged as either a probationable offense or a nonprobationable offense (see *People v. Muskgrove* (1976), 44 Ill. App. 3d 381, 358 N.E.2d 336). As long as overlapping criminal provisions in the same or separate statutes clearly define the conduct prohibited and the punishment authorized, they are not unconstitutional, even though they prescribe different penalties. *People v. Hamelin* (1979), 75 Ill. App. 3d 445, 394 N.E.2d 566.

In the instant case, the offenses of cruelty to children and aggravated battery of a child clearly define the conduct prohibited and the punishment authorized. They therefore are not rendered unconstitutional simply because one includes a form of court supervision for which the other does not provide.

The judgment of the circuit court of Fulton County is affirmed.

Affirmed.

BARRY, P.J., and HEIPLE, J., concur.