905 N.E.2d 893 (2009)
329 Ill.Dec. 55
In re B.H., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Demetrius H., Respondent-Appellant).
No. 1-08-2729.
Appellate Court of Illinois, First District, First Division.
March 23, 2009.
*894 Sheldon B. Nagelberg, St. Charles, for Appellant.
Robert F. Harris, Kass A. Plain, and Jean M. Agathen, Office of the Cook County Public Guardian, Chicago, for minor-Appellee.
Anita Alvarez, State's Attorney of Cook County, Chicago, (James Fitzgerald, Nancy Kisicki, and Grace E. Zaya, of counsel), for Appellee.
Justice WOLFSON delivered the opinion of the court:
Minor B.H. was adjudicated a ward of the Juvenile Court of Cook County after the trial court found her adoptive mother, D.H., used excessive corporal punishment. On appeal, D.H. contends the trial court erred in finding she imposed excessive corporal punishment on B.H. We affirm.

FACTS
On February 9, 2008, D.H. went to the grocery store and instructed B.H., who was 15-years-old at the time, and B.H.'s siblings to clean the house while she was gone. When she returned, D.H. found the house had not been cleaned. In response, D.H. told B.H. she could not participate in the monthly family dinner being held that evening. D.H. then told the children to retrieve the groceries from the car and B.H. refused. Instead, B.H. went to her bedroom to collect a bag she had packed earlier, announcing she intended to leave. D.H. followed B.H. to the bedroom and a physical fight ensued, during which D.H. bit B.H. on the chest and scratched B.H.'s face. B.H. left the house and went to the emergency room to receive treatment for her injuries.
On February 26, 2008, D.H. pled guilty to domestic battery and was sentenced to two years' probation with the condition she attend a parenting program. A two-year plenary order of protection was issued against D.H. limiting her contact with B.H.
On March 12, 2008, the State filed a wardship petition alleging B.H. was: (1) neglected because of an injurious environment pursuant to section 2-3(1)(b) of the Juvenile Court Act of 1987(Act) (705 ILCS 405/2-3(1)(b) (West 2008)); (2) abused because of a substantial risk of physical injury by other than accidental means pursuant to section 2-3(2)(ii) of the Act (705 ILCS 405/2-3(2)(ii) (West 2008)); and (3) abused because D.H. inflicted excessive *895 corporal punishment pursuant to section 2-3(2)(v) of the Act (705 ILCS 405/2-3 (2)(v) (West 2008)).
An adjudicatory hearing was held on August 28, 2008. The parties stipulated, if called, DCFS Investigator Reginald King would testify B.H. and D.H. "got into a physical altercation at which time this minor received a bite to her chest and scratch marks on her neck and face." Investigator King would also testify regarding D.H.'s guilty plea, the order of protection against D.H., and that there were no relatives willing to care for B.H.
The State offered into evidence a certified copy of D.H.'s domestic battery disposition and the order of protection. In addition, the State, by agreement, offered into evidence B.H.'s emergency room medical records, in which a nurse recorded a laceration to B.H.'s face, a contusion on her arm, and a bite mark on her chest. The nurse noted B.H. "reports being beat up by foster mom." The record also included a triage note saying B.H. reported being hit in the face several times that day and being abused for several years.
D.H. testified at the hearing. D.H. adopted B.H. in 1999 or 2000 and was her foster mother before then. When asked whether she became upset upon finding her house unclean on February 9, 2008, D.H. said, "Yes; and-no." D.H. testified she told B.H. she could not participate in the family dinner because D.H. knew B.H. enjoyed those monthly dinners. When B.H. refused to bring in the grocery bags, she said "I'm not going to do nothing. You ain't my mama. I am going to leave." D.H. then followed B.H. to her bedroom, saw that B.H. had packed her bags, and asked, "What is wrong with you?" According to D.H., B.H. "came at me and started hitting." B.H. hit D.H. in the face and pulled her hair. The pair "tussled" on the bed while the other children attempted to pull B.H. off of D.H. During the "tussle," D.H. scratched B.H. on the face. B.H. then grabbed her bags and left.
The State requested findings based on all three grounds listed in the wardship petition. The guardian ad litem agreed.
The trial court found B.H. was abused due to excessive corporal punishment. The trial court said:
"It is clear from the record, [D.H.]. I have [four] children. I understand what you went through that day. I certainly understand the feeling you went through that day. I understand your daughter's reaction even why probably or better than she did; why she had that reaction; but there is  there will be a finding of excessive corporal punishment. There are limits on what we can and cannot do for our children."
The court did not enter findings on the other two counts, i.e., neglect based on an injurious environment and abuse based on a non-accidental substantial risk of injury. The court ordered mediation for D.H. and B.H.
A dispositional and permanency hearing immediately followed. Claudia Cheres, the case manager, testified B.H. was receiving therapy and mentoring and tutoring services. Cheres recommended B.H. be made a ward of the court so that she could continue with the services. Cheres also recommended the permanency goal of independence. The trial court found D.H. was unable to care for B.H., and B.H. was made a ward of the court with a permanency goal of returning to D.H.'s home within 12 months. This appeal followed.

DECISION
Defendant contends the evidence did not demonstrate she used excessive corporal punishment against B.H. Specifically, defendant contends the physical contact was not punishment; rather, it was *896 connected to the physical altercation, which was unrelated to the punishment.
The State must prove its allegations of abuse or neglect by a preponderance of the evidence. In re J.P., 294 Ill.App.3d 991, 1000, 229 Ill.Dec. 565, 692 N.E.2d 338 (1998). A trial court has wide discretion in making its determination and we will not disturb that decision "unless it is manifestly unjust or palpably against the weight of the evidence." In re J.P., 294 Ill.App.3d at 1000, 229 Ill.Dec. 565, 692 N.E.2d 338.
The Juvenile Court Act says:
"(2) Those who are abused include any minor under 18 years of age whose parent or immediate family member, or any person responsible for the minor's welfare, or any person who is in the same family or household as the minor, or any individual residing in the same home as the minor, or a paramour of the minor's parent:
* * *
[4] (v) inflicts excessive corporal punishment." 705 ILCS 405/2-3 (West 2008).
The Act does not define "excessive corporal punishment." However, "cases involving the adjudication of abuse, neglect, and wardship are sui generis; that is, each case must be decided on its own distinct set of facts and circumstances." In re J.P., 294 Ill.App.3d at 1002, 229 Ill.Dec. 565, 692 N.E.2d 338.
In In re J.P., this court explored the meaning of "excessive corporal punishment." Although we determined the punishment at issue there did not rise to the level of excessive, we examined a number of cases that found unreasonable or excessive corporal punishment. See In re J.P., 294 Ill.App.3d at 1002-04, 229 Ill.Dec. 565, 692 N.E.2d 338. Most of the cases involved disciplinary acts which left the children with injuries. See In re F.W., 261 Ill.App.3d 894, 199 Ill.Dec. 769, 634 N.E.2d 1123 (1994); In the Interest of L.M., 189 Ill.App.3d 392, 136 Ill.Dec. 795, 545 N.E.2d 319 (1989); In the Interest of Weber, 181 Ill.App.3d 702, 130 Ill.Dec. 361, 537 N.E.2d 428 (1989); People v. Tomlianovich, 161 Ill.App.3d 241, 112 Ill.Dec. 737, 514 N.E.2d 203 (1987); In the Interest of D.M.C., 107 Ill.App.3d 902, 63 Ill.Dec. 516, 438 N.E.2d 254 (1982); People v. Swanson, 84 Ill. App.3d 245, 39 Ill.Dec. 730, 405 N.E.2d 483 (1980).
Here, we first focus on whether D.H.'s biting and scratching were punishment. If they were not punishment the acts cannot support a finding of excessive corporal punishment. The facts demonstrate the biting and scratching were disciplinary in nature, directly flowing from the original discipline of barring B.H. from attending the monthly family dinner. After learning she could not participate in the dinner, B.H. refused to carry in the groceries then said she was going to leave. D.H. confronted B.H. and questioned her defiance, ultimately resulting in B.H.'s injuries. We recognize that a fight ensued when D.H. confronted B.H.; however, the fight arose because B.H. defied D.H. The series of events happened quickly and were one continuous punishment.
D.H.'s corporal punishment was excessive. Unlike in In re J.P., where the parent calmly disciplined the child by spanking her on the rear with a wooden spoon, here D.H. lashed out at B.H. by biting her chest and scratching her face. In re J.P., 294 Ill.App.3d at 1004-05, 229 Ill.Dec. 565, 692 N.E.2d 338. D.H.'s biting and scratching exceeded the bounds of reasonableness. See In re F.W., 261 Ill. App.3d at 903, 199 Ill.Dec. 769, 634 N.E.2d 1123 (hitting with hands and a two-foot board with protruding metal brackets were *897 not reasonable forms of corporal punishment); In re D.L.W., 226 Ill.App.3d 805, 810-11, 168 Ill.Dec. 570, 589 N.E.2d 970 (1992) (punching in the face, grabbing the throat, kneeing the groin, and spanking the bare buttocks with a board were not reasonable forms of corporal punishment); People v. Sambo, 197 Ill.App.3d 574, 581-82, 144 Ill.Dec. 41, 554 N.E.2d 1080 (hitting with a plastic bat, kicking, throwing liquor in the face, and pulling hair were not reasonable forms of corporal punishment); In the Interest of L.M., 189 Ill. App.3d at 398-99, 136 Ill.Dec. 795, 545 N.E.2d 319 (beating with a belt and stick and causing "whip marks" were not reasonable forms of corporal punishment); Tomlianovich, 161 Ill.App.3d at 242-43, 112 Ill.Dec. 737, 514 N.E.2d 203 (hitting with a paddle and causing sustained bruising was not a reasonable form of corporal punishment).
Moreover, we found it significant in In re J.P. that the child "appeared happy and unaffected after being disciplined." In re J.P., 294 Ill.App.3d at 1005, 229 Ill.Dec. 565, 692 N.E.2d 338. B.H. was neither happy nor unaffected by the discipline at issue; rather, she immediately left the house and sought medical treatment. While we recognize a parent's privacy rights and liberty interest in the rearing of her child, the child's welfare is paramount. The trial court found the acts were excessive and that finding was not against the manifest weight of the evidence.

CONCLUSION
We affirm the judgment of the trial court.
Affirmed.
GORDON, P.J., and GARCIA, J., concur.